■ HENRY KESSLER et al., Respondents, v. TOWN OF SHELTER ISLAND PLANNING BOARD, Appellant. SHELTER ISLAND ASSOCIATION, Intervenor-Appellant. — In a proceeding pursuant to article 78 of the CPLR to review a determination by appellant Town of Shelter Island Planning Board which denied petitioners' application for approval of their subdivision plat, the appeals are from a judgment of the Superme Court, Suffolk County, entered March 17, 1972, which granted the petition, annulled the determination and directed said Planning Board to approve the subdivision plat upon certain conditions. Judgment reversed, on the law, without costs, and matter remitted to the Planning Board for a new hearing and a new determination in accordance with the views expressed herein. In our opinion, Special Term erred in substituting its judgment for that of the Planning Board. Where, as here, the evidence before a board is conflicting and presents an issue as to the veracity of opposing witnesses, it is for the board to pass on credibility. Where the conflicting evidence leaves room for choice, the court may not weigh the evidence or reject the choice made by the board (*Matter of Weiner* v. *Gabel*, 18 A D 2d 1025). The sole question for the court is whether the determination is supported by substantial evidence (see *Matter of Sowa* v. *Looney*, 23 N Y 2d 329, 335–336). Despite this, however, we cannot confirm the board's determination. Among the reasons given for rejecting petitioners' subdivision map was the failure to fill the property to the required level so as to remove the danger of flooding. However, at all times, petitioners have indicated a willingness to supply the required fill. Also, the board " recommended " that the *entire* area here involved (§ 9) be used for recreational purposes. It is

our view that this amounts to a confiscation (see *East Neck Estates* v. *Lucksinger*, 61 Misc 2d 619; see, also, *Salamar Bldrs. Corp.* v. *Tuttle*, 29 N Y 2d 221, 225). Thus, the recommendation ignores a prior decision of Special Term, which had remitted the matter to the board for a hearing "in the spirit of balancing the ecological needs of the community while at the same time insuring that petitioners' property is not confiscated." The Town Law has long provided that plats submitted to a planning board for approval shall "show in proper cases and when required by the planning board, a park or parks suitably located for playground or other recreational purposes" (Town Law, § 277, subd. 1). Furthermore, if the planinng board determines that a park of adequate size cannot be located in the particular plat or is otherwise impractical, it may require, as a condition of approval, a payment to the town of an amount set by the Town Board which shall be available for use by the town for neighborhood park, playground or recreation purposes. There is no indication at bar that the Planning Board had insisted on this provision in connection with petitioners' prior submissions, for areas designated sections 2 through 8, which were approved between October, 1967 and August, 1970; nor was it shown that the Planning Board reserved its right to enforce this provision on future submissions. For it to insist now that the entire section 9 be set aside for recreation is improper. The Planning Board, in approving a plat, may require "that the land shown on such plats shall be of such a character that it can be used safely for building purposes without danger to health or peril from fire, flood or other menace" (Town Law, § 277, subd. 1). This point may be developed at the new hearing and reasonable conditions imposed. The Planning Board may also consider and require a playground or recreational park, provided the same is also reasonably related to the area under consideration. Hopkins, Acting P. J., Munder, Martuscello, Christ and Benjamin, JJ., concur.