*150 OPINION OF THE COURT
Joseph Jiudice, J.
The Town of Poughkeepsie has commenced a CPLR article 78 proceeding to annul a decision made by the Commissioner of Environmental Conservation to issue State permits to the respondent, Dutchess Sanitation Service, Inc., for the construction and operation of a sanitary landfill, operation of a bailer and operation of an area adjacent to fresh water wetlands in the Town of Poughkeepsie.
The respondents cross-move to dismiss the petition on the basis the same fails to state a cause of action.
A hearing on the project and its environmental effects was held in March, 1980.
Thereafter, on April 11,1980, the commissioner rendered his decision in which he adopted the report prepared by an Administrative Law Judge.
Pursuant to the Zoning Ordinance of the Town of Poughkeepsie, the property in question and the project site is in a residential zone and it is the position of the petitioner that the operation of a landfill is prohibited.
Inter alia, the town claims that the respondent commissioner is barred as a matter of law from acting until Dutchess Sanitation Service, Inc., proves compliance with all applicable laws and statutes, including town’s zoning ordinance. It is the town’s further claim that ECL 8-0109 (subd 8) operates to preclude the commissioner, as lead agency, from issuing any permits until the town has resolved its claim of jurisdiction over the project. The petitioner alleges that the town zoning ordinance was an “essential consideration” within the meaning of the foregoing section and that the commissioner must consider it in making his decision. The town argues that the inappropriate zoning site for the project created a presumption of adverse environmental effects because of the operation of 6 NYCRR 617.11(a) (4) and 6 NYCRR 617.12(b) (2) (i), and that the presumption had not been rebutted by a showing that Dutchess Sanitation would not violate the town’s zoning ordinance.
*151 This court takes judicial notice of the fact that there is presently pending in this court an action in which the Town of Poughkeepsie is seeking to permanently enjoin Dutchess Sanitation and one of its officers from conducting a landfill site on the subject premises on the basis that the proposed use is in violation of the Town of Poughkeepsie Zoning Ordinance.
A clear reading of the commissioner’s decision indicates that the issuance of State permits would not absolve Dutchess Sanitation from its obligation to obtain other approvals required by other jurisdictions, including the Town of Poughkeepsie.
Pursuant to the provisions and procedures set forth in ECL article 8 and 6 NYCRR Part 617, the Commissioner of the Department of Environmental Conservation acts in two capacities. As “lead agency” (defined in 6 NYCRR 617.2 [q]), the commissioner is responsible for requiring the preparation and filing of an environmental impact statement (EIS). After filing of the EIS, the commissioner is then required to perform the substantive role as an “involved agency” (defined in 6 NYCRR 617.2 [p]), and make a determination as to whether a proposed project satisfies the standards imposed by ECL articles 24 and 27 and whether the same would minimize or avoid adverse environmental impacts (ECL 8-0109, subd 8; 6 NYCRR 617.9 [c]).
 The State Environmental Quality Review Act (E CL art 8; SEQRA) does not change jurisdiction between or among State or local agencies. Even though SEQRA mandates agencies to avoid or minimize adverse environmental impacts before approving a project, agencies must recognize jurisdictional claims and defer when an impact revealed in the EIS relates directly to a specific jurisdictional claim of another agency. Neither SEQRA nor the regulations thereunder provides that an agency must determine a project complies with all applicable statutes prior to deciding whether a project satisfies the requirements of the statutes administered by that agency. The SEQRA regulations expressly contemplates that each and every agency continue its practice of determining whether a *152 project complies with the particular statutes it‘administers. There is no change, in the existing jurisdiction of the various agencies throughout the State pursuant to SEQRA.
Both the commissioner's interpretation of agency responsibilities under ECL 8-0109 (subd 8) and that SEQRA does not change the existing jurisdiction of agencies nor jurisdiction between or among State and local agencies have recently been upheld by the Appellate Division, Fourth Department, in Matter of Town of Henrietta v Department of Environmental Conservation (76 AD 2d 215).
In his decision, the commissioner had clearly stated that SEQRA did not authorize him to determine or adjudicate the legality of a proposed use under laws which he does not administer. The commissioner’s decision in no way impairs the town’s jurisdiction over the project proposed by Dutchess Sanitation, nor does it impair its responsibility to comply with the State Environmental Quality Review Act at the time it may be called upon to exercise its jurisdiction pursuant to its zoning law.
The town’s argument that the prohibition in its zoning ordinance against the use contemplated by Dutchess Sanitation creates a legal presumption of adverse environmental effects is without merit. Neither 6 NYCRR 617.11 nor 6 NYCRR 617.12 creates the said presumption. Clearly, the commissioner deferred to the Town of Poughkeepsie the right and responsibility of solving those problems directly related to its jurisdiction over the proposed site pursuant to the zoning law.
In the final analysis, the conclusion is inescapable that the commissioner, by his decision, did not adjudicate the legality of the proposed use by Dutchess Sanitation under the town’s zoning ordinance, nor did his decision in any way impair the town’s jurisdiction in this regard. The commissioner completely fulfilled the mandates of the Environmental Conservation Law and in particular, the State Environmental Quality Review Act contained therein.
Based upon the foregoing, this court determines, as a matter of law, that the petition fails to state a cause of action against both of the named respondents in this CPLR article 78 proceeding.
*153 Accordingly, the cross motions of the Commissioner of the New York State Department of Environmental Conservation and Dutchess Sanitation Service, Inc., to dismiss are granted in their entirety.