■ In the Matter of CITIZENS ACCORD, INC., et al., Respondents, v TOWN BOARD OF THE TOWN OF ROCHESTER et al., Appellants. [596 NYS2d 921] —Harvey, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered July 2, 1992 in Ulster County, which, in a proceeding pursuant to CPLR article 78, *inter alia,* partially granted petitioners' application to annul a determination of respondent Town Board of the

Town of Rochester adopting a negative declaration of environmental impact of respondent Twin Track Promotion, Inc.'s proposed motor vehicle racetrack project.

From the early 1960s through September 1987, the Accord Speedway, located in the Town of Rochester, Ulster County, held motor vehicle races on its one-quarter mile dirt track. When respondent Town Board of the Town of Rochester (hereinafter the Town Board) passed its first zoning and land use control law in 1971, Town of Rochester Zoning Law § 3-1.4 (bb) provided that operation of a vehicle racetrack was permissible in the Speedway's zoning district if a special use permit was secured. No such permit was applied for, however, until the Speedway's former owner, W.L.S. Promotions, Inc. (hereinafter WLS), made such an application in December 1983 upon the direction of the Town's Zoning Inspector. WLS was informed that the expansion of the Speedway's use to include additional racing nights required the issuance of the special use permit. By Town of Rochester Zoning Board of Appeals (hereinafter ZBA) decision 1986-3, WLS was ultimately issued a conditional one-year special use permit to operate the Speedway for the 1986 racing season. Following a public hearing, ZBA decision 1986-11a granted WLS and any subsequent owner of WLS or the Speedway a conditional special use permit to operate the Speedway. Thereafter, Local Laws, 1987, No. 3 of the Town of Rochester was enacted and provided, *inter alia,* that a special use permit to operate a motor vehicle racetrack "shall be effective from the date of its issuance until the 31st day of December of the year of its issuance, after which a new application must be made for a permit if permittee desires to continue to operate the racetrack" *(id.,* at § 5 [a]).

In September 1987, the Speedway ceased operations and was subsequently listed as being for sale. By application dated October 6, 1990, Richard Barlow and Michael Barlow requested a special use permit to operate the Speedway. After reviewing the Barlow application, the Town Board requested that the Barlows complete a draft environmental impact statement pursuant to the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA), and the Barlow application was withdrawn. Thereafter, title to the Speedway was conveyed to Accord Speedway, Inc. Respondent Twin Track Promotions, Inc. (hereinafter TTP), as lessee of the Speedway, then applied for a special use permit. Additional information was requested from TTP, which TTP provided. Thereafter, the Town Board issued a negative declaration

regarding TTP's application. After a public hearing, respondent Town of Rochester Planning Board (hereinafter the Planning Board) granted TTP a special use permit to operate the Speedway during the 1992 racing season.[1] Petitioners then commenced this CPLR article 78 proceeding principally seeking to annul the Town Board's negative declaration and the special use permit issued by the Planning Board. Petitioners also sought a preliminary injunction. TTP moved for, *inter alia,* dismissal of the petition. Supreme Court determined that the Town Board's negative declaration was arbitrary and capricious and annulled the Town Board's determination. Respondents and the Town appeal. TTP's motion for a stay of Supreme Court's judgment was granted by this Court.

There must be a reversal. Initially, we agree with respondents that the Town Board's negative declaration was neither arbitrary nor capricious and was in accordance with the prescriptions of SEQRA. It is well settled that an administrative agency's SEQRA determination should be upheld if the agency "identified the relevant areas of environmental concern, took a 'hard look' at them, and made a 'reasoned elaboration' of the basis for its determination" *(Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 417). Significantly, the reviewing court should refrain from substituting its view for the administrative agency's judgment when it rendered the determination which is being reviewed *(supra,* at 416; *see, Matter of Schodack Concerned Citizens v Town Bd.,* 148 AD2d 130, 134, *lv denied* 75 NY2d 701).

Here, the Town Board, as "lead agency" *(see,* 6 NYCRR 617.2 [v]), classified TTP's application as an "unlisted action" *(see,* 6 NYCRR 617.2 [kk]) and did not request TTP to complete a draft environmental impact statement before it adopted its negative declaration as it did in the previous Barlow application. Although Supreme Court found this factor determinative, our examination of both the Barlow and TTP applications reveals significant differences that justify the divergent treatment. For example, unlike the Barlow application's proposed use of 1,000 parking spaces at the Speedway, TTP's application indicated that 650 parking spaces would be used, a factor which would not render TTP's application a type I activity *(see,* 6 NYCRR 617.12 [b] [6] [iii]). Further, due to

---

1. Local Laws, 1984, No. 4 of the Town of Rochester transferred the function of issuing special use permits from the ZBA to the Planning Board *(see,* Town of Rochester Zoning Law § 6.0 *et seq.).* Apparently, the ZBA had jurisdiction to determine WLS' earlier special use permit application because such application was apparently made on December 31, 1983.

TTP's plan to incorporate the environmental safeguards suggested by the Department of Environmental Conservation and the Ulster County Soil and Water Conservation District, we conclude that the Town Board rationally determined that an environmental impact statement was not required because TTP's project would not affect the environment (see, ECL 8-0109 [2]).

We note that rather than treating TTP's application superficially, the Town Board, when adopting its negative declaration, took care in its decision to discuss each area of environmental concern, weighed the evidence presented to it and made its conclusions based upon a thorough examination of the evidence. Contrary to Supreme Court's decision, we find that the Town Board took a "hard look" at the applicable issues and provided a reasoned elaboration for its determination (see, Matter of Jackson v New York State Urban Dev. Corp., supra). While Supreme Court pointed to the controversy surrounding the anticipated noise levels at the Speedway as evidence that the Town Board did not take a hard look,[2] our review indicates that nothing was overlooked and in fact the Town Board considered this issue and all the competing factors at length, including the fact that mufflers would be installed on the race vehicles, a barrier wall would surround the racetrack, the noise levels would be of short duration and the special use permit would be revoked immediately if at any time the noise level exceeded the statutory noise limit.

It must be remembered that the instant matter does not concern a request for a variance or a challenge to the Town's ordinance. Both racing and noise levels up to 79 decibels are permitted uses under the Town's zoning laws and one of the primary issues to be considered in the treatment of TTP's application was whether TTP's proposed use fit within the prescribed parameters of that permitted use and minimized any adverse environmental consequences. Because it appears from this record that the Town Board's decision in this aspect was neither deficient nor irrational, we conclude that this determination should be upheld (see, Matter of Har Enters. v Town of Brookhaven, 74 NY2d 524, 530).

The parties also argue the issue of whether the Planning Board's issuance of the special use permit was proper. Al-

---

2. Local Laws, 1987, No. 3 of the Town of Rochester § 6.10 set a 79-decibel noise limit. The Town Board considered this issue at length and noted that while one report was skeptical of TTP's ability to maintain that level, the report still indicated that this level was possible to achieve.

though Supreme Court did not reach this issue, we note that because the record on appeal contains sufficient evidence for this Court to review the issue, remittal to Supreme Court for its determination is not necessary *(see, e.g., Matter of Hall v Keats,* 184 AD2d 825, 826). The standard to be utilized regarding an administrative agency's issuance of a permit or certificate is well known; as long as such a determination has a rational basis and is neither arbitrary nor capricious, it will be upheld *(see, Matter of East Coast Props. v City of Oneida Planning Bd.,* 167 AD2d 641, 642-643). Here, because the Planning Board's determination was based upon the Town Board's rational determination, the reasons therefor and the evidence adduced at the public hearing held as required by Town of Rochester Zoning Law § 6.2 (a), we find that the Planning Board's issuance of the special use permit was adequately supported by the record evidence and was not arbitrary or capricious.

Due to our conclusions on the foregoing issues, it is unnecessary to consider the remaining arguments advanced by respondents on the appeal.

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.