■ In the Matter of DENIS HINGSTON et al., Respondents, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Appellant. [609 NYS2d 446] —Mikoll, J. Appeal from a judgment of the Supreme Court (Spain, J.), entered September 15, 1992 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* annul respondent's determination issuing a mining permit.

In November 1988, Sco-Land Farms, Inc. filed an application with respondent for a permit pursuant to ECL article 23 for the phased mining of sand and gravel on approximately 22 acres in the Town of North East, Dutchess County, over an estimated 15 years. The mining was to occur in four phases with sequential reclamation in a manner suitable for agriculture. Sco-Land submitted with its application a mining and reclamation plan, an environmental assessment form and other items in accordance with the requirements of the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA). The Dutchess County Department of Public Works and the Town's Planning Board and Zoning Board were named as involved agencies by respondent and invited to declare any interest they might have in assuming the role of lead agency. All declined and respondent assumed the role of lead agency for purposes of environmental impact review.

Respondent thereafter completed part 2 of the environmental assessment form and concluded that the project would not result in any large or important impacts. Respondent classified the project as a Type I action and, on February 17, 1989, issued a negative declaration regarding the permit application process. Respondent issued a notice of complete application on February 21, 1989, advising of a deadline for public comment. Petitioners, property owners living in the vicinity of the proposed project, submitted comments objecting to the plan and requesting further SEQRA review. Sco-Land filed a supplemental report to address the concerns expressed by the interested parties. Respondent reviewed the additional information and considered several field investigations before con-

cluding that the proposed project would not have a significant effect upon the environment; an amended negative declaration was issued on November 17, 1990.

Following a legislative hearing, two issues conferences and a site visit, an Administrative Law Judge issued an interim ruling concluding, *inter alia*, that the negative declaration concerning the permit application was procedurally proper and, but for three exceptions, there were no issues for adjudication with respect to environmental impacts. A supplemental issues ruling and order was issued June 4, 1991 favoring the permit. Petitioners and others appealed these rulings to the Commissioner of Environmental Conservation but such appeal was denied. A mined land reclamation permit containing 20 special conditions was issued to Sco-Land on October 7, 1991.

On January 31, 1992, petitioners instituted this CPLR article 78 proceeding seeking to annul the permit. Supreme Court ruled that respondent failed to fully analyze all of the necessary and significant factors prior to issuance of the negative declaration and the amended negative declaration and annulled the original negative declaration, the amended negative declaration and the mining permit issued to Sco-Land. Respondent appeals from the judgment entered thereon.

In our view, respondent's contention that Supreme Court erred in finding that respondent had not properly considered all relevant environmental impacts prior to issuance of its negative declarations is meritorious. Supreme Court, in concluding that respondent did not take a "hard look" at the relevant environmental issues, found that respondent "was unaware of the zoning problems which directly impact acreage involved in the mining portion of the land that was the subject of the issued permit". The record does not support this finding. The evidence reveals that the Town misinterpreted the actual boundaries in drawing its original zoning map and extended the land conservation zone beyond the actual wetland location so as to partially overlap the project site. The error was discovered, considered and remedied. The wetland was subsequently remapped showing the wetland to be 100 feet from the project site. Respondent's own maps correctly did not show the project site to be in the protected wetlands. Consequently, the so-called zoning problem was not in fact a problem and was not mentioned by respondent before the negative declarations were issued. However, respondent should not be faulted for not mentioning it at that point in light of the fact that such omission was of no consequence and, further, that zoning issues fall outside respondent's area

of responsibility *(see, Matter of Town of Poughkeepsie v Flacke,* 84 AD2d 1, 6, *lv denied* 57 NY2d 602). The April 5, 1991 interim ruling noted the boundary change and recognized that it conformed the Town's zoning with the actual wetland conditions at the site and created no significant environmental issues.

Petitioners argue that respondent did not rescind the negative declarations to meet the strict requirements of SEQRA and at once redo the process with the Town formally listed as an "involved agency". However, this is not one of the cases where rescission and a restart is required. By the time the permit was actually issued, the zoning issue was no longer a problem. In practical terms, it was inconsequential that the Town was not given another chance to seek the lead agency role once the zoning error came to light. The Town, aware of all aspects of the permit proceedings, demonstrated no inclination to become the lead agency. Respondent's choice to not rescind the negative declaration and begin the process anew was, at most, an excusable and inconsequential procedural omission.

Supreme Court also erred in finding that respondent failed to take into account other existing or proposed mining projects in close proximity to the project site and, thus, did not take a "hard look" at the appropriate environmental concerns in making its determination. The record discloses that respondent did take this issue into account but concluded that it was not environmentally significant. The amended declaration specifically refers to the cumulative effects of the project in relation to other existing or proposed mine sites.

We have considered petitioners' other arguments for annulment of the mining permit and/or the negative declarations and find them unpersuasive. The correct standard of review is the arbitrary and capricious standard and not the substantial evidence test *(see,* CPLR 7803 [3]). The determination of respondent has a rational basis in the record *(see, Matter of Citizens Accord v Town Bd.,* 192 AD2d 985, 989, *lv denied* 82 NY2d 656). Review of the record demonstrates that respondent sufficiently considered and addressed the issues relating to the zoning, the proximity of other mines, traffic conditions and the other issues impacting the project. The final permit contained 20 conditions and is indicative of respondent's consideration of the various relevant issues raised during the proceedings. The record also demonstrates that the Town was adequately apprised of and involved with the pending mine

permit during the entire proceedings. Consequently, the Town could not be harmed because of any lack of notice.

Cardona, P. J., Crew III and Weiss, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.