■ In the Matter of James Kahn et al., Respondents, v Joel Pasnik et al., Respondents, and LCS Realty, Inc., Appellant. [647 NYS2d 279] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the Incorporated Village of Roslyn dated December 6, 1994, which, after a hearing, approved the application of LCS Realty, Inc., for site plan approval for the construction of a shopping center, LCS Realty, Inc., appeals (1) from a judgment of the Supreme Court, Nassau County (Segal, J.), dated September 15, 1995, which granted the petition, annulled the determination, and remitted the matter to the Board of Trustees of the Incorporated Village of Roslyn for the preparation of a supplemental environmental impact statement, (2) from an order of the same court also dated September 15, 1995, which purportedly denied the appellant's motion, *inter alia,* to hold Andrew Acierno in contempt, and (3) as limited by its brief, from so much of an order of the same court dated December 14, 1995, as upon, in effect, granting its motion for reargument, adhered to the prior

determination contained in the judgment dated September 15, 1995.

Ordered that the appeal from the order dated September 15, 1995, is dismissed as abandoned; and it is further,

Ordered that the appeal from the judgment is dismissed as the judgment was superseded by the order dated December 14, 1995, made upon reargument; and it is further,

Ordered that the order dated December 14, 1995, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents, appearing separately and filing separate briefs, are awarded one bill of costs.

In 1989, after having accepted the draft and final environmental impact statements, the respondent Board of Trustees of the Village of Roslyn (hereinafter the Board) approved the construction of a shopping center at the site that is the subject of this appeal. However, that project was abandoned and a new developer, the appellant LCS Realty, Inc. (hereinafter LCS), proposed another project for the same site which would include a 24-hour supermarket. Five years later, the new project was also approved by the Board, but without the preparation of any environmental impact statements. The petitioners commenced this proceeding alleging, among other things, that the Board did not comply with the requirements of the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA) by approving the plan without first obtaining an environmental impact statement. The Supreme Court, finding, *inter alia*, that the Board had not taken a hard look at the revelant areas of environmental concern, annulled the Board's determination and remitted the matter to the Board for the preparation of a supplemental environmental impact statement. LCS appeals alleging, among other things, that the Board's approval process complied with the requirements of SEQRA.

The Environmental Conservation Law mandates that an environmental impact statement be prepared when there is any proposed action that "may have a significant effect on the environment" (ECL 8-0109 [2]). "Because the operative word triggering the requirement of an [environmental impact statement] is 'may', 'there is a relatively low threshold' " for the preparation of such statements *(Matter of Holmes v Brookhaven Town Planning Bd.,* 137 AD2d 601, 603, citing *H.O.M.E.S. v New York State Urban Dev. Corp.,* 69 AD2d 222, 232), and they should be required when the action may fairly be said to have a potentially significant adverse effect on the environment *(H.O.M.E.S. v New York State Urban Dev. Corp., supra,*

at 232). Moreover, the SEQRA regulations provide that a Type 1 action, such as the one proposed in this case, "carries with it the *presumption* that it is likely to have a significant adverse impact on the environment and may require an EIS" (6 NYCRR 617.4 [a] [1] [former 617.12 (a) (1)] [emphasis supplied]; *Matter of Merson v McNally*, 227 AD2d 487).

Whether the Board properly determined that the project proposed by LCS will have no significant impact on the environment and, hence, that there is no need for an environmental impact statement depends on whether it made a thorough investigation of the problems involved and reasonably exercised its discretion *(see, H.O.M.E.S. v New York State Urban Dev. Corp., supra,* at 231). To support the Board's determination, the record must show that the Board identified the relevant areas of environmental concern, took a "hard look" at them, and made a reasoned elaboration of the basis for its determination *(see, Matter of Desmond-Americana v Jorling,* 153 AD2d 4, 10; *Matter of Holmes v Brookhaven Town Planning Bd., supra,* at 604; *H.O.M.E.S. v New York State Urban Dev. Corp., supra,* at 232).

The Supreme Court properly found that the Board did not take a hard look at the relevant areas of environmental concern. Inasmuch as the proposed project is a Type 1 action within the meaning of SEQRA with at least one possibly significant impact on the environment (i.e., increased traffic), an environmental impact statement should have been prepared *(see, Matter of New York Archaeological Council v Town Bd.,* 177 AD2d 923, 924; *Matter of Holmes v Brookhaven Town Planning Bd., supra,* at 603).

Furthermore, the Board's negative declaration is the functional equivalent of a conditioned negative declaration *(see, Matter of Merson v McNally,* 227 AD2d 487, *supra; Matter of Miller v City of Lockport,* 210 AD2d 955, 957; *Matter of Group for S. Fork v Wines,* 190 AD2d 794, 796-797; *Matter of Ferrari v Town of Penfield Planning Bd.,* 181 AD2d 149; *Matter of Shawangunk Mtn. Envtl. Assn. v Planning Bd.,* 157 AD2d 273, 276). The SEQRA regulations do not authorize the issuance of a conditioned negative declaration for Type 1 actions *(see,* 6 NYCRR 617.2 [h]; 6 NYCRR 617.7 [d] [former 617.6 (h)]).

We have considered the appellant's remaining contentions and find that they do not warrant reversal. Rosenblatt, J. P., Ritter, Copertino and Santucci, JJ., concur.