■ In the Matter of Ronald Winston, Appellant, and Public Land Preservation Society, Inc., Intervenor-Appellant, v Freshwater Wetlands Appeals Board, Respondent, Village

OF SCARSDALE, Intervenor-Respondent, et al., Intervenor-Respondent. [678 NYS2d 654] —In a proceeding pursuant to CPLR article 78 to review a determination of the Freshwater Wetlands Appeals Board dated July 29, 1994, which affirmed a decision of the Commissioner of the Department of Environmental Conservation "demapping" a portion of property owned by the Village of Scarsdale from the final Freshwater Wetlands Map for Westchester County, the petitioner and the intervenor-petitioner appeal from a judgment of the Supreme Court, Westchester County (DiBlasi, J.), entered August 6, 1997, which dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs.

The appellants' contention that the Freshwater Wetlands Appeals Board should have used the substantial weight of the evidence test in reviewing the order of the Commissioner of Environmental Conservation is without merit. Where, as here, agency action is taken pursuant to a hearing which is informational as opposed to adjudicatory, "the standard of review is whether the agency's action had a rational basis and, thus, was not arbitrary or capricious" (*Matter of Hudson Riv. Fisherman's Assn. v Williams*, 139 AD2d 234, 238).

The courts have allowed State or local lead agencies considerable latitude in the exercise of discretion on substantive environmental matters (*see, Matter of Orchards Assocs. v Planning Bd.*, 114 AD2d 850, 852). The choice of conflicting expert testimony rests in the discretion of the administrative agency (*see, Matter of Power Auth. v Williams*, 101 AD2d 659). We find that there was a rational basis for the finding of the Commissioner of the Department of Environmental Conservation that the property sought to be mapped as a wetland was not of unusual local importance (*see,* ECL 24-0301 [1]; 6 NYCRR 664.5 [a], [b]).

The appellants' remaining contention is without merit. Ritter, J. P., Santucci, Altman and Krausman, JJ., concur.