■ In the Matter of SEVEN ACRE WOOD STREET ASSOCIATES, INC., Appellant, v TOWN OF BEDFORD et al., Respondents. [755 NYS2d 275] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent the Town of Bedford Wetlands Control Commission, dated January 8, 2001, which denied the petitioner's application for a wetlands redelineation, the petitioner appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (West, J.), entered August 7, 2001, as denied the petition and dismissed the proceeding.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

In 1990 the petitioner submitted an application for a three-lot subdivision of the subject property, which it purchased in 1989. In connection with that application, the Town of Bedford Wetlands Control Commission (hereinafter the Commission) was asked to conduct a wetlands review because of the location of wetlands on the subject property. As requested, the petitioner submitted a proposed wetlands delineation prepared by its expert consultant. The Commission's consultant, a certified wetlands scientist, reviewed the proposed delineation and approved it. On July 29, 1991, the Commission approved the petitioner's wetlands delineation. Thereafter, the petitioner, through successive applications, sought to modify the original wetlands delineation, claiming that the 1991 delineation was erroneous insofar as the wetlands is actually comprised of a smaller geographic area (40% less). The instant appeal concerns the petitioner's third application for redelineation of the wetlands boundary. After a review process which included numerous site inspections by various experts and the Commis-

sion itself, the submission of reports and opinions from two experts for the Commission and six experts for the petitioner, and evidence given at a succession of meetings, the Commission denied the application, finding that the petitioner did not meet its burden of proof in demonstrating that the original delineation was erroneous.

We agree with the Supreme Court that the Commission's determination is supported by substantial evidence (*see Matter of SoHo Alliance v New York City Bd. of Stds. & Appeals,* 95 NY2d 437, 440 [2000]; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 230 [1974]). Where, as here, the conclusions presented by the experts were conflicting, the fact that the Commission chose to rely on the conclusions of its experts did not render its determination arbitrary, capricious, or lacking in a rational basis (*see Matter of Toys "R" Us v Silva,* 89 NY2d 411, 424 [1996]; *Matter of 601 Realty Corp. v City of N.Y. Dept. of Health,* 269 AD2d 268, 270-271 [2000]; *Kessler v Town of Shelter Is. Planning Bd.,* 40 AD2d 1005 [1972]).

The petitioner's remaining contention is unpreserved for appellate review and, in any event, is without merit. Santucci, J.P., Feuerstein, Luciano and Schmidt, JJ., concur.