■ In the Matter of THOMAS BALL et al., Appellants, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents. [826 NYS2d 698]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Department of

Environmental Conservation, dated November 10, 2003, which granted the application of the respondents John Nickles and Beixedon Estate Property Owners' Association for a tidal wetlands permit, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Cohalan, J.), entered May 12, 2005, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

Where, as here, an administrative agency takes action without an evidentiary hearing, the standard of review is not whether there was substantial evidence in support of the determination (*see* CPLR 7803 [4]), but rather, whether the determination had a rational basis, and was not "arbitrary and capricious" (*see* CPLR 7803 [3]; *Matter of Sasso v Osgood,* 86 NY2d 374, 385 [1995]; *Matter of Halperin v City of New Rochelle,* 24 AD3d 768, 770 [2005], *lv dismissed* 7 NY3d 708 [2006]; *Matter of Poster v Strough,* 299 AD2d 127, 141-142 [2002]; *Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y.,* 120 AD2d 166, 169 [1986]). Further, in a proceeding seeking judicial review of administrative action, the court may not substitute its judgment for that of the agency responsible for making the determination (*see Matter of Chemical Specialties Mfrs. Assn. v Jorling,* 85 NY2d 382, 386 [1995]; *Flacke v Onondaga Landfill Sys.,* 69 NY2d 355, 363 [1987]).

At bar, the Supreme Court correctly found that the determination of the respondent the New York State Department of Environmental Conservation (hereinafter the DEC) dated November 10, 2003 to grant the application of the respondents John Nickles and Beixedon Estate Property Owners' Association for a tidal wetlands permit was neither arbitrary nor capricious and had a rational basis (*see Matter of Karmel v Board of Appeals of City of White Plains,* 303 AD2d 507 [2003]; *Matter of Ficalora v Planning Bd. of Town of E. Hampton,* 262 AD2d 320 [1999]; *Matter of Hingston v New York State Dept. of Envtl. Conservation,* 202 AD2d 877, 879 [1994]). The conclusions presented by the parties' experts were conflicting, and the DEC's decision to rely on the conclusions of its experts did not render its determination arbitrary, capricious, or lacking in a rational basis (*see Matter of Gladstone v Zoning Bd. of Appeals of Inc. Vil. of Southampton,* 13 AD3d 445 [2004]; *Matter of Seven Acre Wood St. Assoc. v Town of Bedford,* 302 AD2d 532, 533 [2003]; *Matter of Winston v Freshwater Wetlands Appeals Bd.,* 254 AD2d 363 [1998]).

Further, the Supreme Court properly declined to consider the

petitioners' claims under the State Environmental Quality Review Act (ECL art 8) that were raised for the first time in their reply papers (*see Matter of Thomas v Straub,* 29 AD3d 595, 596 [2006]; *Matter of Roanoke Sand & Gravel Corp. v Town of Brookhaven,* 24 AD3d 783, 786 [2005]; *Matter of Crawford v Kelly,* 124 AD2d 1018 [1986]). Florio, J.P., Mastro, Rivera and Spolzino, JJ., concur.