■ In the Matter of BROOKLYN BRIDGE PARK LEGAL DEFENSE FUND, INC., et al., Appellants, v NEW YORK STATE URBAN DEVELOPMENT CORPORATION et al., Respondents. [856 NYS2d 235]—

In a proceeding pursuant to CPLR article 78 to review a determination of New York State Urban Development Corporation, doing business as Empire State Development Corporation, and Brooklyn Bridge Park Development Corporation, dated January 18, 2006, which, inter alia, approved the General Project Plan of the Brooklyn Bridge Park Civic Project, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Knipel, J.), dated November 27, 2006, which granted the respondents' motions to dismiss the petition, denied as academic the petitioners' cross motion for a trial, and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The petitioners contend that, in approving the final environmental impact statement (hereinafter FEIS) for the Brooklyn Bridge Park Civic Project (hereinafter the Project), the respondents New York State Urban Development Corporation, doing business as Empire State Development Corporation and Brooklyn Bridge Park Development Corporation failed to take into account the potential traffic impacts from the proposed Atlantic Yards project.

Judicial review of a determination pursuant to the State Environmental Quality Review Act (ECL art 8, hereinafter SEQRA) is limited to whether the determination was affected by an error of law or was arbitrary and capricious, an abuse of discretion, or a violation of lawful procedure (see CPLR 7803 [3]; Akpan v Koch, 75 NY2d 561, 570 [1990]). The reviewing court should determine whether the agency identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination (see Akpan v Koch, 75 NY2d at 570).

Here, contrary to the petitioners' contentions, the record

indicates that the FEIS did take into account the traffic expected to be generated by the Atlantic Yards project. In particular, the FEIS identified Atlantic Yards as one of the projects that was considered, and accounts for traffic associated with Atlantic Yards in developing background conditions against which potential impacts of the Project are assessed. An agency may rely on consultants to conduct the analyses that support their environmental review of proposed projects (*see Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 427-428 [1986]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 774-775 [2005]). The choice between conflicting expert testimony rests in the discretion of the administrative agency (*see Matter of Ball v New York State Dept. of Envtl. Conservation*, 35 AD3d 732, 733 [2006]; *Matter of Winston v Freshwater Wetlands Appeals Bd.*, 254 AD2d 363, 364 [1998]).

Furthermore, the traffic analysis and conclusions were also reviewed by the New York City Department of Transportation, which was provided with traffic network diagrams and data for Atlantic Yards. SEQRA does not require that the FEIS contain all of the raw data supporting its analysis as long as that analysis is sufficient to allow informed consideration and comment on the issues raised (*see Akpan v Koch*, 75 NY2d at 573-574). Here, it was sufficient that the FEIS included tables and illustrations summarizing traffic data as part of the presentation of its traffic analysis (*see Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d at 422-423).

We further note that a trial is not appropriate in this proceeding (*see Matter of Schiff v Board of Estimate of City of N.Y.*, 122 AD2d 57, 59-60 [1986]).

The petitioners further contend that provisions in the General Project Plan locating residential housing on development parcels within the Project site violate the public trust doctrine. "The public trust doctrine restricts the alienation of property owned by a municipality which has been dedicated for use as a public park or recreational area" (*Matter of 10 East Realty, LLC v Incorporated Vil. of Val. Stream*, 49 AD3d 764, 766 [2008]). Here, however, the development parcels have not been so dedicated. Contrary to the petitioners' contentions, the public trust doctrine does not prohibit residential uses that are merely adjacent to public parkland. Thus, the public trust doctrine was not violated in this case. Spolzino, J.P., Miller, Dillon and Balkin, JJ., concur.