In the Matter of OAKLEIGH THORNE et al., Appellants, v VILLAGE OF MILLBROOK PLANNING BOARD et al., Respondents. BRUCE S. BRICKMAN AND ASSOCIATES, INC., Nonparty Respondent. [920 NYS2d 369]—

In a proceeding pursuant to CPLR article 78 to review four determinations of the Village of Millbrook Planning Board, all dated November 12, 2008, which, in relation to a certain development project, issued a negative declaration pursuant to the State Environmental Quality Review Act (ECL art 8), and granted a conservation density development special use permit, preliminary site plan approval, and sketch-plan subdivision plat approval, the petitioners appeal from a judgment of the Supreme

Court, Dutchess County (Dolan, J.), dated October 14, 2009, which, upon a decision of the same court dated July 13, 2009, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

This proceeding involves a plan to build 91 homes on a 27.6-acre site in the Village of Millbrook, formerly used as Bennett College. In 2005, to encourage development of the site, the Village created a new zoning district, the Bennett Campus District. The new district permitted two-acre single-family residential zoning as of right and provided for a special use permit for up to four dwelling units per acre, termed a conservation density development (hereinafter CDD) (*see* Village of Millbrook Code § 230-13 [E]). In July 2006 developer Blumenthal Brickman Associates submitted an application to the Planning Board of the Village of Millbrook (hereinafter the Planning Board) for a CDD special permit, as well as site plan and subdivision approvals. Three public hearings were held on the application in early 2007. Letters from the community were received, and the developer submitted a revised application.

No further public action was taken on the application until October 2008, when the developer submitted an expanded environmental assessment form and a revised application. The Planning Board called a special meeting for October 3, 2008, to set a date for public hearing on the application. The public hearing was held, at which the petitioners made a lengthy presentation and submitted expert reports. The Planning Board then closed the public hearing, and subsequently held three workshop meetings with consultants to assess the potential significant environmental impacts of the project. At the final workshop meeting on November 12, 2008, the Planning Board issued a negative declaration pursuant to the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]). The Planning Board further granted the CDD special use permit, and granted preliminary site plan approval and sketch-plan subdivision plat approval. The petitioners commenced this action pursuant to CPLR article 78 to review the Planning Board's determinations. The Supreme Court denied the petition and dismissed the proceeding. The petitioners appeal, and we affirm.

Judicial review of an agency determination under SEQRA is limited to whether the agency procedures were lawful and "whether the agency identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination" (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417

[1986] [internal quotation marks omitted]; *see Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast*, 9 NY3d 219, 231-232 [2007]; *Matter of Save Open Space v Planning Bd. of the Town of Newburgh*, 74 AD3d 1350, 1352 [2010]). "In a statutory scheme whose purpose is that the agency decision-makers focus attention on environmental concerns, it is not the role of the courts to weigh the desirability of any action or choose among alternatives, but to assure that the agency itself has satisfied SEQRA, procedurally and substantively" (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d at 416). The agency decision should be annulled only if it is arbitrary and capricious (*see Matter of Baker v Village of Elmsford*, 70 AD3d 181, 187 [2009]).

A lead agency shall require an environmental impact statement where the proposed action "may have a significant effect on the environment" (ECL 8-0109 [2]). Conversely, a lead agency may issue a negative declaration where it concludes "that there will be no adverse environmental impacts or that the identified adverse environmental impacts will not be significant" (6 NYCRR 617.7 [a] [2]). Type I actions are presumed to require the preparation and circulation of an environmental impact statement (*see Matter of Village of Tarrytown v Planning Bd. of Vil. of Sleepy Hollow*, 292 AD2d 617, 619 [2002]; *Riverhead Bus. Improvement Dist. Mgt. Assn. v Stark*, 253 AD2d 752 [1998]; *Matter of Kahn v Pasnik*, 231 AD2d 568 [1996]). However, a negative declaration may be properly issued on a Type I action where, as here, the project has been modified during the initial review process to accommodate environmental concerns of the lead agency and other interested parties. The modifications must negate the continued potentiality of the adverse effects of the proposed action. The modifications may not be conditions unilaterally imposed by the lead agency, but adjustments incorporated by the project sponsor to mitigate concerns identified by the public and the reviewing agencies, and be publicly evaluated prior to the issuance of the negative declaration (*see Matter of Merson v McNally*, 90 NY2d 742, 754-755 [1997]; *Matter of Village of Tarrytown v Planning Bd. of Vil. of Sleepy Hollow*, 292 AD2d at 619-620). Contrary to the petitioners' contention, the modifications to the project made by the developer were publicly evaluated prior to the issuance of the negative declaration. The Planning Board took the required hard look at the potential environmental impacts of the project and rationally determined that they had been mitigated such that there will be no adverse impacts or that such impacts will not be significant (*see* 6 NYCRR 617.7 [a] [2]). The Planning Board was not required to accept the opinions of the petition-

ers' experts over those of its own consultants (*see Matter of Brooklyn Bridge Park Legal Defense Fund, Inc. v New York State*, 50 AD3d 1029 [2008]; *Matter of Ball v New York State Dept. of Envtl. Conservation*, 35 AD3d 732 [2006]).

The Planning Board further properly granted the conservation density development special use permit. The Planning Board rationally determined that the requirements for issuance of the special use permit were met (*see* Village of Millbrook Code § 230-13). A referral to the Zoning Board of Appeals was not required (*see Matter of East Moriches Prop. Owners' Assn., Inc. v Planning Bd. of Town of Brookhaven*, 66 AD3d 895 [2009]; *cf. Matter of Woodland Community Assn. v Planning Bd. of Town of Shandaken*, 52 AD3d 991 [2008]).

Contrary to the petitioners' contention, the provision of the Village of Millbrook Code requiring site plans to conform to all Village laws applies to final site plans, not preliminary site plans (*see* Village of Millbrook Code § 230-44 [E]). The outstanding issues raised by the Planning Board's engineering consultant were to be addressed prior to final site plan approval, and did not preclude preliminary site plan approval.

The Planning Board's issuance of sketch-plan subdivision plat approval is not a final agency action subject to CPLR article 78 review (*see* CPLR 7801 [1]; *Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d 30, 34 [2005]; *Matter of Muir v Town of Newburgh, N.Y.*, 49 AD3d 744 [2008]).

The Supreme Court properly rejected the petitioners' challenges under the Open Meetings Law (Public Officers Law § 100 *et seq.*). The petitioners were not aggrieved by any insufficiency in the notice of the meeting of the Planning Board held on November 12, 2008, or inaccessibility of the meeting to those with disabilities (*see* Public Officers Law §§ 104, 103 [b]; § 107 [1]). In any event, the notice conformed to statutory requirements (*see* Public Officers Law § 104 [2]; *Matter of LaLima v County of Suffolk*, 45 AD3d 845 [2007]; *cf. Matter of Oshry v Zoning Bd. of Appeals of Inc. Vil. of Lawrence*, 276 AD2d 491 [2000]; *Matter of Previdi v Hirsch*, 138 Misc 2d 436 [1988]). The petitioners' challenge to the notice of the October 3, 2008, meeting of the Planning Board was not raised before the Supreme Court and, thus, is not properly before this Court (*see e.g. Reyes v Albertson*, 62 AD3d 855 [2009]). In any event, the petitioners failed to meet their burden of establishing a violation of the Open Meetings Law in relation to notice of that meeting or that there is good cause to declare void the Planning Board's action at that meeting, which was merely to schedule a date for a pub-

lic hearing (*see Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 686 [1996]; *Matter of New York Univ. v Whalen*, 46 NY2d 734, 735 [1978]; Public Officers Law § 107 [1]).

The petitioners' remaining contentions are without merit. Florio, J.P., Dickerson, Leventhal and Belen, JJ., concur.