■ In the Matter of CITY OF RYE, Appellant, v CHRISTINE KORFF et al., Respondents, and HOME DEPOT, U.S.A., INC., Intervenor-Respondent. [671 NYS2d 526] —In a proceeding pursuant to CPLR article 78, *inter alia*, to review a determination of the trustees of the Village of Port Chester dated November 29, 1995, which, *inter alia*, approved a project proposed by the intervenor Home Depot, U.S.A., Inc., the petitioner appeals from a judgment of the Supreme Court, Westchester County (Cowhey, J.), entered September 5, 1996, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The proceeding under review challenges various actions of the respondents, the Mayor and the Board of Trustees of the Village of Port Chester (hereinafter collectively referred to as Port Chester), which, *inter alia*, approved the construction of a retail facility by the intervenor-respondent Home Depot, U.S.A., Inc. (hereinafter Home Depot). The facility is to consist of a one-story retail store of 101,400 square feet, an 18,000 square-foot outdoor garden center, and a parking lot for 537 automobiles. The project site is a parcel consisting of 8.33 acres of land, of which 8.12 acres are located in the Village of Port Chester, while .21 of an acre is located in the City of Rye (hereinafter Rye). As part of the proposed project, the small portion of the parcel situated in Rye will be landscaped. No approvals or zoning changes are needed from Rye for the landscaping.

The retail facility will abut Midland Avenue, which runs generally north to south. Several hundred yards south of the site, in Rye, is the intersection of two interstate highways, the Cross Westchester Expressway (Interstate 287) and the New England Thruway portion of the New York State Thruway (Interstate 95).

As part of the approvals necessary for the completion of the project, Home Depot sought a zoning amendment from Port Chester to change the zoning classifications of the site from M-1 (Light Industrial) and C-1 (Neighborhood Retail) to CD (Design Shopping Center). Home Depot also sought various zoning "text amendments". Before approving the requests, Port Chester evaluated the project as lead agency under the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]). Asserting its standing as an "abutting municipality" under the Westchester County Administrative Code, Rye challenged the SEQRA review conducted by Port Chester (*see,*

Westchester County Administrative Code § 277.71). Essentially, Rye asserted that Port Chester had not taken the requisite "hard look" at the project. The Supreme Court rejected that argument, and denied the petition and dismissed the proceeding. We affirm.

In support of its petition, Rye primarily asserted that Port Chester should have required specific mitigation measures to limit the adverse traffic impact of the project, in addition to those that it did require. Among the most significant of the additional mitigations sought by Rye is the construction of an eastbound exit ramp off Interstate 287 onto Midland Avenue. No such ramp currently exists, and to get to the facility eastbound drivers on Interstate 287 will have to exit at Boston Post Road and take local streets to Midland Avenue.

The record does not support the contention that the failure to include this additional mitigation measure renders the SEQRA review in this case flawed. The traffic mitigation measures that were ultimately required upon approval of the project were the product of extensive study and review, in which the public was given ample opportunity to comment. The traffic studies conducted in connection with the preparation of the Draft Environmental Impact Statement (hereinafter DEIS) for the project, included a systematic analysis of the volume of traffic at 31 intersections in the vicinity of the project at various periods of peak use. Of those intersections, 14 are within Rye. Future traffic projections were analyzed, including one which took into consideration various office development projects approved by Rye but not yet constructed. To those projections were added projections taking into consideration the completion of the Home Depot project. In addition, all aspects of the traffic study were subject to review by the independent traffic consultants retained by Port Chester. Also, various concerns raised by public transportation agencies, including the New York State Thruway Authority and the New York State Department of Transportation, were adequately addressed prior to the issuance of SEQRA findings by Port Chester.

It is well settled that judicial review of the SEQRA process is limited to whether " 'a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion' * * * [I]t is not the role of the courts to weigh the desirability of any action or choose among alternatives, but to assure that the agency itself has satisfied SEQRA, procedurally and substantively" (*Matter of Jackson v New York State Urban Dev. Corp.*, 67

NY2d 400, 416). While courts may review the record to determine if the agency identified the relevant areas of environmental concern, took a "hard look" at them, and made a "reasoned elaboration" of the basis for its determination, "[n]othing in the law requires an agency to reach a particular result on any issue, or permits the courts to second-guess the agency's choice, which can be annulled only if arbitrary, capricious or unsupported by substantial evidence" (*Matter of Jackson v New York State Urban Dev. Corp., supra,* at 417; *see also, Matter of Merson v McNally,* 90 NY2d 742; *Aldrich v Pattison,* 107 AD2d 258, 265-266).

The fact that Rye would require further mitigation measures in addition to those set forth in the SEQRA findings is not a basis for invalidating those findings. Rather, the record establishes that the review conducted by Port Chester comported with the procedural and substantive requirements of SEQRA. Under such circumstances, the proceeding was properly dismissed (*see, Akpan v Koch,* 75 NY2d 561, 570).

The appellant's remaining contentions are without merit. Rosenblatt, J. P., Miller, Ritter and Sullivan, JJ., concur.