■ H&C DEVELOPMENT GROUP, INC., Appellant, v FIRST VERMONT BANK & TRUST COMPANY, Defendant, and GREGORY D. MINER et al., Respondents. [721 NYS2d 368] —In an action to recover damages for fraud, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (DiBlasi, J.), entered March 16, 2000, as granted that branch of the motion of the defendants Gregory D. Miner and Dawn E. Miner which was to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff claims that a statement placed on the record on July 8, 1997, during the course of a bankruptcy proceeding entitled *In Re Miner*, then pending in the United States Bankruptcy Court for the Northern District of New York (hereinafter the Bankruptcy Court), constituted a stipulation that was binding on the defendants First Vermont Bank & Trust Company and Gregory and Dawn Miner. The plaintiff also claims that it can recover damages as an intended third-party beneficiary of that stipulation. We agree with the Supreme Court that litigation of these issues is precluded by the doctrine of res judicata, as well as the doctrine of collateral estoppel.

In the bankruptcy proceeding, by order dated February 23, 1998, the Bankruptcy Court held that "there is no binding stipulation between the [Miners] and First Vermont & Trust Company." That determination is also reflected in the final order of the Bankruptcy Court, entered August 6, 1998, which confirmed the second amended bankruptcy plan. On appeals from the above orders, the United States Bankruptcy Appellate Panel for the Second Circuit, by order dated February 8, 1999, specifically determined that the plaintiff did not have standing to enforce the alleged stipulation as an intended third-party beneficiary.

On this appeal, the plaintiff argues that the alleged stipulation in question was binding, and that it has standing to enforce the stipulation as a third-party beneficiary. These are precisely the issues that were resolved against it in the bankruptcy proceeding. The doctrine of collateral estoppel precludes relitigation of these issues now, and the doctrine of res judicata precludes relitigation of the plaintiff's claims, regardless of whether the orders of the Bankruptcy Court were without error. "Any fact, question or right, distinctly adjudged in an original action between the same parties, may not be raised again in a subsequent action between them, even though the determination was reached upon an erroneous view or by an erroneous application of the law" (*Killmer v Village of Whitehall*, 81 AD2d 972; *see also, United States v Moser*, 266 US 236, 242; *Ripley v Storer*, 309 NY 506; *New York State Labor Relations Bd. v Holland Laundry*, 294 NY 480; 73A NY Jur 2d, Judgments, § 361). "Th[is] suit is no more than a collateral attack upon the [Bankruptcy Court's] order confirming the plan of arrangement; the integrity of the judgment is challenged" (*Miller v Meinhard-Commercial Corp.*, 462 F2d 358, 360; *see also, Combine Camera Stores v Interphoto Corp.*, 68 AD2d 801).

The plaintiff's reliance on *Alco Gravure v Knapp Found.* (64

NY2d 458) is misplaced. In *Alco* (*supra*), the Court of Appeals held that the dismissal of an action commenced in New Jersey on the ground that the plaintiff did not have standing based on the application of New Jersey law, was not on the merits and did not preclude the commencement of an action in New York where the plaintiff had standing. In the present case, the question whether the alleged stipulation was binding was decided on the merits by the Bankruptcy Court and, on appeal, the United States Bankruptcy Appellate Panel for the Second Circuit also specifically held that the plaintiff lacked standing to enforce the alleged stipulation. Goldstein, J. P., Florio, Luciano and H. Miller, JJ., concur.