■ In the Matter of Cornelia E. Ray et al., Appellants, v Zoning Board of Appeals of Village of East Hampton, Re-

spondent. W. DEERING YARDLEY, JR., et al., Intervenors-Respondents. [723 NYS2d 84] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of East Hampton, dated January 9, 1998, which granted the intervenors' application for a special permit to convert an existing nonconforming medical office building into a funeral home, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Doyle, J.), dated November 16, 1999, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs to the respondent and the intervenors-respondents.

Pursuant to East Hampton Village Code § 57-7 (D) (1) (b), the Zoning Board of Appeals of the Village of East Hampton (hereinafter the Village Board) may issue special permits for "[t]he conversion of an existing nonconforming use and the buildings or structures related to such use into a use more conforming." In this case, the Village Board, after weighing the evidence submitted at a public hearing, concluded that the proposed use of the building in question as a funeral home was "more conforming" than the former use as medical offices. That determination was based upon findings, *inter alia*, that it would not alter the overall residential character of the neighborhood, would not have a negative impact on property values, would not increase overall traffic congestion, would decrease the production of sewage and refuse, and would not increase population density.

The determination of the Village Board that the proposed use is "more conforming" is supported by substantial evidence in the record and has a rational basis (*see, Matter of Watral v Scheyer,* 223 AD2d 711). Accordingly, the determination will not be disturbed. O'Brien, J. P., Ritter, Goldstein and Smith, JJ., concur.