In the Matter of LEON PETROLEUM, LLC, Respondent, v BOARD OF TRUSTEES OF INCORPORATED VILLAGE OF MINEOLA, Appellant. [765 NYS2d 656] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the Incorporated Village of Mineola dated August 30, 2001, which, after a hearing, denied the petitioner's application for a permit to reconfigure its gasoline station and a special use permit to construct a convenience store, the Board of Trustees of the Incorporated Village of Mineola appeals from a judgment of the Supreme Court, Nassau County (Alpert, J.), entered May 16, 2002, which granted the petition, annulled the determination, and directed it to issue the permits to the petitioner subject to any reasonable conditions it may impose under the Incorporated Village of Mineola's zoning ordinance.

Ordered that the judgment is modified, on the law, by deleting the provisions thereof granting that branch of the petition which was to vacate the denial of a special use permit, annulling that part of the determination of the Board of Trustees of the Incorporated Village of Mineola which denied the petitioner's application for a special use permit, and directing the issuance of a special use permit subject to reasonable conditions, and substituting therefor a provision denying that branch of the petition which was to vacate the denial of a special use permit; as so modified, the judgment is affirmed, with costs to the appellant.

In 1999 the petitioner purchased certain premises located in a B-1 (Business) Zoning District, where a gasoline station was operated as a legal nonconforming use. Approximately one year later, the petitioner asked the Incorporated Village of Mineola Building Department (hereinafter the Building Department) to approve its plan to reconfigure the gasoline station by moving two of the gasoline pumps from one of the existing pump islands and placing them on a new island for self-service operations. The petitioner's plan also sought to add a convenience store to the premises.

Shortly thereafter, the Building Department denied the petitioner's application on the basis that it appeared to involve the expansion of the nonconforming use, a matter that must be reviewed by the Board of Trustees of the Incorporated Village of Mineola (hereinafter the Board). The Building Department also determined that pursuant to the Incorporated Village of Mineola zoning ordinance, authorization of the construction of a convenience store in the B-1 Zoning District may only be

obtained from the Board upon an application for a special use permit. The petitioner thereafter applied to the Board for the appropriate permits. After a hearing, the Board denied the petitioner's application, finding that the proposed use of a convenience store/gasoline station would be hazardous to the patrons of the petitioner's facility and to the immediate neighborhood due to the limited size and limited access points of the subject premises. The Board further found that there would be an "overintensification" of the land if used as a gasoline service station and convenience store, and that the traffic generated by the proposed use would further congest an overburdened area. The Board also, without explanation, denied that part of the petitioner's application which sought a permit to reconfigure the gasoline pumps and the islands on the subject premises. The Supreme Court annulled the determination and directed the Board to issue the permits to the petitioner subject to any reasonable conditions it might impose under the Village's zoning ordinance. The Board appeals.

Unlike a variance which gives permission to an owner to use property in a manner inconsistent with a local zoning ordinance, a special use permit gives permission to use property that is consistent with the zoning ordinance, although not necessarily allowed as of right (see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead, 98 NY2d 190 [2002]). The significance of this distinction is that the "inclusion of the permitted use in the ordinance is tantamount to a legislative finding that the permitted use is in harmony with the general zoning plan and will not adversely affect the neighborhood" (Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston, 30 NY2d 238, 243 [1972]; see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead, supra). Although there is no entitlement to a special permit or exception, once a petitioner shows that the contemplated use is in conformance with the conditions imposed, a special permit or exception must be granted unless there are reasonable grounds for denying it that are supported by substantial evidence (see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead, supra; Matter of Toys "R" Us v Silva, 89 NY2d 411 [1996]; Matter of C.B.H. Props. v Rose, 205 AD2d 686 [1994]). Moreover, a zoning board is free to consider matters related to the public welfare in determining whether to grant or deny a special permit or exception (see Matter of C.B.H. Props. v Rose, supra; Matter of Chernick v McGowan, 238 AD2d 586 [1997]). However, a zoning board may not deny a special exception or permit solely on the basis of generalized objections and concerns expressed by the

community's residents (*see Matter of C.B.H. Properties v Rose, supra; Matter of Chernick v McGowan, supra*).

As with board determinations on variances, a reviewing court may examine only whether substantial evidence supports the determination of the board. Where substantial evidence exists, a court may not substitute its own judgment for that of the board, even if such a contrary determination is itself supported by the record (*see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead, supra; Matter of Pelham Esplanade v Board of Trustees of Vil. of Pelham Manor,* 77 NY2d 66 [1990]).

Here, the Supreme Court improperly substituted its own judgment for the contrary but equally reasonable determination of the Board on the question of whether a special use permit should have been granted. That action was an incursion on the discretion of the Board and cannot be justified since there was substantial evidence in the record supporting the Board's determination that there was insufficient space on the subject lot to accommodate both a convenience store and a gasoline service station. The Board also reasonably concluded that the traffic generated by the proposed use could further congest an already overburdened area. Contrary to the petitioner's contentions, the members of a zoning board may rely on their own personal knowledge of the community in deciding a zoning matter (*see Matter of Cowan v Kern,* 41 NY2d 591 [1977]; *Matter of Community Synagogue v Bates,* 1 NY2d 445 [1956]; *Matter of Il Classico Rest. v Colin,* 254 AD2d 418 [1998]).

However, the Supreme Court properly annulled that part of the Board's determination which summarily denied the petitioner's request for a permit to reconfigure the gasoline pumps at its facility (*see Matter of Tartan Oil Corp. v Board of Zoning Appeals of Town of Brookhaven,* 213 AD2d 486 [1995]).

The Board's remaining contentions are improperly raised for the first time in its reply brief (*see Soon Rae Kim v Caesar Chemists,* 297 AD2d 797 [2002]; *Drake v Drake,* 296 AD2d 566 [2002]; *Berkey v Emma,* 291 AD2d 517 [2002]). Santucci, J.P., Krausman, Schmidt and Rivera, JJ., concur.