■ In the Matter of RICHARD MACGREGOR et al., Respondents, v MARGARET DEREVLANY et al., Appellants, and RICKY ROMAN et al., Intervenors. [777 NYS2d 156]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Yorktown dated January 24, 2002, which denied the petitioners' application for a special use permit, the appeal is from a judgment of the Supreme Court, Westchester County (Nastasi, J.), entered November 8, 2002, which granted the petition and directed the Zoning Board of Appeals of the Town of Yorktown to issue a special use permit.

Ordered that the judgment is reversed, on the law and the facts, with costs, the petition is denied, and the proceeding is dismissed on the merits.

The petitioners submitted an application for a special use permit to open a children's day-care facility for approximately 40 children, in a house located in the Town of Yorktown (hereinafter the Town). The petitioners currently operate a group day-care center for 14 children at the house, which is an as-of-right use. The area is zoned for single-family residences. The

proposed site is located between two single-family residences on a plot of land approximately 100 feet wide by 400 feet deep.

After numerous public hearings, site plan revisions, site visits, and input from, among others, a traffic consultant, an urban planner, the Town Planning Board, and the Town Advisory Board on Architecture and Community Appearance, the Zoning Board of Appeals of the Town of Yorktown (hereinafter the Zoning Board) denied the application. The Zoning Board found that the proposal violated Town Code § 300-36, which sets forth standards applicable to all special uses, including how the proposed location and operation should or should not affect the surrounding area. The Zoning Board specifically concluded that, inter alia, the site would be over-utilized in nearly every aspect given its proximity to the neighboring properties; the substantial paving of the front yard gave the appearance of a commercial business in a residential zone; the anticipated traffic would create traffic nuisances; the proposed pickup/drop off area and parking area would not provide for the safe and orderly flow of traffic; the parking area did not provide separate access to the building buffered from the traffic; there was inadequate access for emergency vehicles given the size and configuration of the driveways and parking areas; there was inadequate space for snow removal which could create traffic and safety problems; and the proposed use would hinder the use of the adjacent properties.

There was substantial evidence to support the Zoning Board's determination to deny a special use permit. Therefore, the Supreme Court improperly substituted its own judgment instead of giving deference to the "discretion and commonsense judgment" of the Zoning Board (*Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead,* 98 NY2d 190 [2002]; *see Matter of Market Sq. Props. v Town of Guilderland Zoning Bd. of Appeals,* 66 NY2d 893, 895 [1985]; *Matter of Leon Petroleum v Board of Trustees of Inc. Vil. of Mineola,* 309 AD2d 804 [2003]). Accordingly, the petition should have been denied and the proceeding dismissed on the merits. Santucci, J.P., Krausman, Schmidt and Rivera, JJ., concur.