In the Matter of RUSSIA HOUSE AT KINGS POINT, INC., et al., Appellants, v ZONING BOARD OF APPEALS OF VILLAGE OF KINGS POINT, Respondent. [892 NYS2d 104]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Kings Point, dated July 18, 2007, which, after a hearing, denied the petitioners' applications for certain area variances, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Phelan, J.), dated April 15, 2008, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

On March 17, 2005, following public hearings, the Zoning Board of Appeals of the Village of Kings Point (hereinafter the Zoning Board) denied the petitioners' applications for certain area variances on two adjacent properties. In a prior appeal in this matter, this Court reversed a judgment of the Supreme Court, Nassau County (Feinman, J.), entered December 6, 2005, which, among other things, denied a petition to annul the March 17, 2005, determination (*see Matter of Russia House at Kings Point, Inc. v Zoning Bd. of Appeals of Vil. of Kings Point,* 40 AD3d 767 [2007]). We held that the Zoning Board "failed to adequately consider whether the requested variances would, in fact, have an adverse impact on the neighborhood and the character of the community," and the matter was thus remitted to the Zoning Board for a new determination of the petitioners' applications for area variances (*id.* at 768).

Upon remittitur from this Court, the Zoning Board issued the subject determination dated July 18, 2007, which again denied the petitioners' applications for the area variances. The petitioners then commenced this proceeding. In the determination dated

July 18, 2007, the Zoning Board properly considered whether the requested variances would have an adverse impact on the community, and fully conducted the balancing test required by Village Law § 7-712-b (3) (*see Matter of DiPaolo v Zoning Bd. of Appeals of Town/Vil. of Harrison*, 62 AD3d 792, 792-793 [2009]). Contrary to the petitioners' contention, the Zoning Board was entitled to base its decision upon, among other things, its members' personal knowledge and familiarity with the community (*see Matter of Thirty W. Park Corp. v Zoning Bd. of Appeals of City of Long Beach*, 43 AD3d 1068, 1069 [2007]; *Matter of Leon Petroleum v Board of Trustees of Inc. Vil. of Mineola*, 309 AD2d 804, 806 [2003]; *Matter of Haas Hill Prop. Owners' Assn. v Zoning Bd. of Appeals of Town of New Baltimore*, 202 AD2d 895, 898 [1994]). The Zoning Board's determination is supported by the record (*see Matter of Community Synagogue v Bates*, 1 NY2d 445, 454 [1956]). Accordingly, the judgment must be affirmed. Dillon, J.P., Florio, Balkin and Leventhal, JJ., concur.