■ In the Matter of ARTHUR SMYLES et al., Appellants, v BOARD OF TRUSTEES OF INCORPORATED VILLAGE OF MINEOLA et al., Respondents. [992 NYS2d 83]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the Incorporated Village of Mineola, dated October 11, 2012, which, after a hearing, denied the petitioners' application for a special use permit, the petitioners appeal from (1) an order of the Supreme Court, Nassau County (Asarch, J.), entered February 25, 2013, which denied the petition, and (2) a judgment of the same court (Cozzens, Jr., J.), entered March 25, 2013, which, upon the order, is in favor of the respondents and against them dismissing the proceeding.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order must be dismissed since an intermediate order made in a CPLR article 78 proceeding is not appealable as of right (see CPLR 5701 [b] [1]; *Matter of Seraydar v Three Vil. Cent. School Dist.*, 90 AD3d 936 [2011]), and any possibility of taking a direct appeal therefrom terminated with the entry of the judgment in the proceeding (see *Matter of Aho*, 39 NY2d 241, 248 [1976]; *Matter of Westchester County Correction Officers Benevolent Assn., Inc. v County of Westchester*, 71 AD3d 1040 [2010]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a]).

"Unlike a variance which gives permission to an owner to use property in a manner inconsistent with a local zoning ordinance, a special exception gives permission to use property in a way that is consistent with the zoning ordinance, although not necessarily allowed as of right" (*Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d 190, 195 [2002] [citation omitted]). The burden of proof on an applicant seeking a special exception, commonly known as a special use permit, is lighter than that carried by an applicant for a zoning variance (see *Matter of Kabro Assoc., LLC v Town of Islip Zoning Bd. of Appeals*, 95 AD3d 1118 [2012]; *Matter of White Castle Sys., Inc. v Board of Zoning Appeals of Town of Hempstead*, 93 AD3d 731 [2012]). A denial of a special use permit must be supported by evidence in the record and may not be based solely upon community objection (see *Matter of Green 2009, Inc. v Weiss*, 114 AD3d 788 [2014]; *Matter of White Castle Sys., Inc. v Board of Zoning Appeals of Town of Hempstead*, 93 AD3d 731 [2012]). However, where evidence supporting the denial exists, deference must be given to the discretion

of the authorized board, and a court may not substitute its own judgment for that of the authorized board, even if a contrary determination is supported by the record (*see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d at 196; *Matter of Moy v Board of Town Trustees of Town of Southold*, 61 AD3d 763 [2009]; *Matter of MacGregor v Derevlany*, 7 AD3d 624 [2004]; *Matter of Leon Petroleum v Board of Trustees of Inc. Vil. of Mineola*, 309 AD2d 804 [2003]).

Here, evidence in the record, including testimony by experts in traffic and real estate and by neighboring property owners, supports the findings of the Board of Trustees of the Incorporated Village of Mineola (hereinafter the Board) that the proposed expansion of the subject day care facility into vacant retail space would result in a dangerous traffic situation, an over-intensification of land use with respect to available parking, and a hazard with respect to the provision of emergency services. Contrary to the petitioners' contention, the Board was entitled to base its decision upon, among other things, its members' personal knowledge and familiarity with the community (*see Matter of Russia House at Kings Point, Inc. v Zoning Bd. of Appeals of Vil. of Kings Point*, 67 AD3d 1019 [2009]; *Matter of Thirty W. Park Corp. v Zoning Bd. of Appeals of City of Long Beach*, 43 AD3d 1068 [2007]). Accordingly, the Board's determination to deny a special use permit on the ground that it would not be in the best interests of the health, safety, and welfare of the community was supported by the record, and was not arbitrary and capricious.

Additionally, the Board's alleged failure to comply with the time limitations of Village Law § 7-725-b (6) does not mandate the annulment of its determination (*see Matter of Frank v Zoning Bd. of Town of Yorktown*, 82 AD3d 764 [2011]; *cf. Matter of Barsic v Young*, 22 AD3d 488, 490 [2005]). The appropriate remedy for the Board's alleged failure to act would have been the commencement of a special proceeding to compel the Board to issue a determination on the petitioners' application (*see Matter of Troy Sand & Gravel Co., Inc. v Town of Nassau*, 89 AD3d 1178 [2011]; *Nyack Hosp. v Village of Nyack Planning Bd.*, 231 AD2d 617 [1996]). Since the Board ultimately issued such a determination, the petitioners' contention in this regard has been rendered academic.

The petitioners' remaining contention is without merit (*see Quinones v Board of Mgrs. of Regalwalk Condominium I*, 242 AD2d 52 [1998]; *People v Town of Clarkstown*, 160 AD2d 17 [1990]). Mastro, J.P., Dickerson, Cohen and Miller, JJ., concur.