■ In the Matter of BEEKMAN DELAMATER PROPERTIES, LLC, Appellant, v VILLAGE OF RHINEBECK ZONING BOARD OF APPEALS et al., Respondents. [57 NYS3d 57]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Village of Rhinebeck Zoning Board of Appeals dated January 6, 2015, which granted the application of the respondent Rhinebeck Village Place, LLC, for an area variance, and two determinations of the Village of Rhinebeck Planning Board, both dated February 4, 2015, which adopted a negative declaration under the New York State Environmental Quality Review Act and granted the applications of the respondent Rhinebeck Village Place, LLC, for site plan approval and special permit approval, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Pagones, J.), dated May 22, 2015, which denied the amended petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner commenced this CPLR article 78 proceeding to challenge the development by the respondent Rhinebeck Village Place, LLC (hereinafter the applicant), of a lodging facility on a lot owned by the respondent Mirbeau of Rhinebeck, LLC, which is adjacent to the petitioner's hotel. By amended petition, the petitioner sought to invalidate the issuance of a negative declaration of adverse environmental impact pursuant to the State Environmental Quality Review Act (hereinafter SEQRA), an area variance relieving the applicant from the 5-foot maximum front-yard setback requirement of section 120-8 of the Village of Rhinebeck Zoning Law, and site plan and special permit approvals for the project. The applicant successfully obtained an area variance of 296.7 feet to permit a front-yard setback of approximately 302 feet. The amended petition alleged, inter alia, that the project failed to comport with the Village Center principles pursuant to section 120-19 of the Village of Rhinebeck Zoning Law and would have a negative impact on the character of the community. The Supreme Court denied the amended petition and dismissed the proceeding. The petitioner appeals.

As the petitioner correctly contends, the doctrine of collateral estoppel precludes relitigation of the issue of standing herein because a prior CPLR article 78 proceeding involving the same parties resolved the issue in the petitioner's favor. Any fact, question, or right distinctly adjudged in any prior action between the same parties may not be raised again in a subsequent action between them, even if the determination was reached upon an erroneous view or by an erroneous application of the law (see *H&C Dev. Group v First Vt. Bank & Trust Co.*, 280 AD2d 643 [2001]; *Killmer v Village of Whitehall*, 81 AD2d 972 [1981]).

The petitioner contends that the Village of Rhinebeck Planning Board (hereinafter the Planning Board) erred in determining that the project would not result in the creation of a material conflict with the community's current plans or goals as officially approved or adopted. Similarly, the petitioner contends that the Planning Board erred in determining that the project would not result in the impairment of the character or quality of important historical, archeological, architectural, or aesthetic resources or existing community or neighborhood character. Judicial review of the SEQRA process is limited to whether a determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (see *Matter of Saint James Antiochian Orthodox Church v Town of Hyde Park Planning*

*Bd.*, 132 AD3d 687 [2015]). "[I]t is not the role of the courts to weigh the desirability of any action or choose among alternatives, but to assure that the agency itself has satisfied SEQRA, procedurally and substantively" (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 416 [1986]). While courts must review the record to determine if the agency identified the relevant areas of environmental concern, took a "hard look" at them, and made a "reasoned elaboration" of the basis for its determination (*see Matter of WEOK Broadcasting Corp. v Planning Bd. of Town of Lloyd*, 79 NY2d 373 [1992]), "[n]othing in the law requires an agency to reach a particular result on any issue, or permits the courts to second-guess the agency's choice, which can be annulled only if arbitrary, capricious or unsupported by substantial evidence" (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d at 417; *see Matter of Merson v McNally*, 90 NY2d 742 [1997]; *Aldrich v Pattison*, 107 AD2d 258, 265-266 [1985]).

Contrary to the petitioner's contention, the Planning Board took the required hard look at the project proposal and set forth well-reasoned explanations for finding that the project would not result in any significant adverse environmental impacts. Specifically, the Planning Board found that the project would not result in the creation of a material conflict with the community's current plans or goals as officially approved or adopted and that the project would not result in the impairment of the character or quality of important historical, archeological, architectural, or aesthetic resources or existing community or neighborhood character. The record establishes that the review conducted by the Planning Board comported with the procedural and substantive requirements of SEQRA (*see Matter of City of Rye v Korff*, 249 AD2d 470, 471-472 [1998]).

The petitioner further argues that the grant of an area variance by the Village of Rhinebeck Zoning Board of Appeals (hereinafter the Zoning Board) permitting a front-yard setback of approximately 302 feet was unsupported by the record and constituted an error of law. "Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion" (*Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven*, 77 AD3d 949, 949 [2010]; *see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]). "Accordingly, on judicial review, the determination of a zoning board should be sustained if it is not illegal, has a rational

basis, and is not arbitrary and capricious" (*Matter of Pinnetti v Zoning Bd. of Appeals of Vil. of Mount Kisco*, 101 AD3d 1124, 1125-1126 [2012]; *see Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]). In determining whether to grant an area variance, a zoning board of appeals is required to engage in a balancing test, weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted (*see* Village Law § 7-712-b [3] [b]; *Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 612; *Matter of Pinnetti v Zoning Bd. of Appeals of Vil. of Mount Kisco*, 101 AD3d at 1126; *Matter of Jonas v Stackler*, 95 AD3d 1325, 1327 [2012]). A zoning board must also consider "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created; which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (Village Law § 7-712-b [3] [b]).

Here, the record establishes that the Zoning Board considered and properly weighed the relevant factors in determining to grant the area variance. Although the variance is indisputably substantial, there is no evidence that granting the variance would produce an undesirable change in the character of the neighborhood or have an adverse effect or impact on the physical and environmental conditions in the neighborhood or district, that the benefit to the applicant could be achieved by other means, or that the applicant's difficulty was self-created (*see Matter of Quintana v Board of Zoning Appeals of Inc. Vil. of Muttontown*, 120 AD3d 1248 [2014]).

The petitioner argues that the site plan approval and special permit approval should be nullified for failure to comport with Village Center principles, which require, among other things, that buildings be constructed close to the sidewalk, off-street parking generally be located behind buildings and in the interior of lots, and buildings typically be located on small lots with small or non-existent front yards (*see* Village of Rhinebeck Zoning Law § 120-19). A local planning board has broad discretion in reaching its determination on site plan and special

permit applications, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion (*see Matter of Ifrah v Utschig*, 98 NY2d 304 [2002]; *Matter of Davies Farm, LLC v Planning Bd. of Town of Clarkstown*, 54 AD3d 757 [2008]; *Matter of Gallo v Rosell*, 52 AD3d 514 [2008]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768 [2005]). When reviewing the determinations of a local planning board, " 'courts consider substantial evidence only to determine whether the record contains sufficient evidence to support the rationality of the [b]oard's determination' " (*Matter of Gallo v Rosell*, 52 AD3d at 515, quoting *Matter of Sasso v Osgood*, 86 NY2d at 385).

Here, the Planning Board properly weighed the relevant statutory factors and its determination was not illegal, arbitrary or capricious. The Planning Board's determinations that, due to the configuration of the lot and the project's design, adherence to the front-yard setback requirement was not possible, development of the project otherwise met the principles established for the Village Center, and the inclusion of the health and wellness spa as a specially permitted ancillary use would have no greater impact on the site than the full development of the site with other permitted uses, had a rational basis (*see Matter of Rivero v Voelker*, 38 AD3d 784 [2007]).

Accordingly, the Supreme Court properly denied the amended petition and dismissed the proceeding. Dillon, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.