■ In the Matter of MAMARONECK COASTAL ENVIRONMENT COALITION, INC., et al., Appellants, v BOARD OF APPEALS OF THE VILLAGE OF MAMARONECK et al., Respondents. [59 NYS3d 118]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Mamaroneck dated May 1, 2014, which, after a hearing,

granted an application for a special use permit, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Jamieson, J.), dated May 18, 2015, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

Hampshire Recreation, LLC, owns a 216-acre property in the Village of Mamaroneck situated between the Marine Recreation District and a residential district upon which the Hampshire Country Club, a membership golf and tennis club, is located. Pursuant to Village of Mamaroneck Zoning Code regulations, a membership club must be operated by a not-for-profit corporation or organization. Hampshire Recreation, LLC, incorporated Hampshire Club, Inc., as a not-for-profit corporation and leased the property to Hampshire Club, Inc., to operate the Hampshire Country Club (hereinafter the Country Club). Thereafter, Hampshire Club, Inc., applied for a special use permit to host nonmember events at the Country Club. After a public hearing, the Zoning Board of Appeals of the Village of Mamaroneck (hereinafter the Zoning Board) voted to grant the special use permit to Hampshire Club, Inc. The petitioners commenced this CPLR article 78 proceeding to review the Zoning Board's determination and to annul the grant of the special use permit. The Supreme Court denied the petition and dismissed the proceeding.

"Unlike a variance which gives permission to an owner to use property in a manner inconsistent with a local zoning ordinance, a special use permit gives permission to use property that is consistent with the zoning ordinance, although not necessarily allowed as of right" (*Matter of Leon Petroleum v Board of Trustees of Inc. Vil. of Mineola*, 309 AD2d 804, 805 [2003]; *see Matter of Smyles v Board of Trustees of Inc. Vil. of Mineola*, 120 AD3d 822, 823 [2014]). The burden of proof on an applicant seeking a special use permit is lighter than that carried by an applicant for a zoning variance (*see Matter of Smyles v Board of Trustees of Inc. Vil. of Mineola*, 120 AD3d at 823). Once an applicant shows "that the contemplated use is in conformance with the conditions imposed, a special [use] permit or exception must be granted unless there are reasonable grounds for denying it that are supported by substantial evidence" (*Matter of Leon Petroleum v Board of Trustees of Inc. Vil. of Mineola*, 309 AD2d at 805).

Here, on this record, there was substantial evidence that Hampshire Club, Inc.'s contemplated use comported with the

requirements of Village of Mamaroneck Zoning Code §§ 342-3 and 342-35 (B) (9) (a), and there were no reasonable grounds for denying the special use permit. Therefore, the special use permit to host nonmember events at the Country Club should have been granted (*see Matter of Leon Petroleum v Board of Trustees of Inc. Vil. of Mineola*, 309 AD2d at 806; *Matter of Ray v Zoning Bd. of Appeals of Vil. of E. Hampton*, 282 AD2d 464 [2001]; *cf. Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d 190, 195-196 [2002]). "Where substantial evidence exists, a court may not substitute its own judgment for that of the board, even if such a contrary determination is itself supported by the record" (*Matter of Leon Petroleum v Board of Trustees of Inc. Vil. of Mineola*, 309 AD2d at 806).

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Balkin, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.