Matter of 278, LLC v Zoning Bd. of Appeals of the Town of E. Hampton (2018 NY Slip Op 01913)





Matter of 278, LLC v Zoning Bd. of Appeals of the Town of E. Hampton


2018 NY Slip Op 01913


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2015-03702
 (Index No. 4979/13)

[*1]In the Matter of 278, LLC, etc., appellant, 
v
Zoning Board of Appeals of the Town of East Hampton, et al., respondents.


Matthews, Kirst & Cooley, PLLC, East Hampton, NY (David E. Eagan, Brian E. Matthews, and Alice Cooley of counsel), for appellant.
Law Offices of Cahn & Cahn, P.C., Melville, NY (Richard C. Cahn and Daniel Cahn of counsel), for respondent Zoning Board of Appeals of the Town of East Hampton.
Michael G. Walsh, Water Mill, NY (Kelly A. Doyle of counsel), for respondents Taya Thurman, Taya Thurman Trust, and Taya Thurman Secondary Residence Trust.



DECISION & ORDER
Appeal from a judgment of the Supreme Court, Suffolk County (Peter H. Mayer, J.), dated December 17, 2014. The judgment denied a petition filed pursuant to CPLR article 78, which sought to annul a determination of the Zoning Board of Appeals of the Town of East Hampton, requiring a natural resources special permit and denying the petitioner's application for such a permit, in effect, dismissed the proceeding, and remitted the matter to the Zoning Board of Appeals of the Town of East Hampton for further proceedings.
ORDERED that the judgment is modified, on the law, by deleting the provision thereof remitting the matter to the Zoning Board of Appeals of the Town of East Hampton for further proceedings; as so modified, the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
The petitioner purchased certain vacant oceanfront property in the Town of East Hampton in 2007. Shortly after its purchase of the property, the petitioner was advised by the Town's Natural Resources Environmental Protection Department that the parcel contained certain features which were protected by the Code of the Town of East Hampton (hereinafter the Town Code), and that any changes to the property that would alter the protected features would necessitate, among other things, a natural resources special permit from the Town's Zoning Board of Appeals (hereinafter the ZBA). The petitioner, who owned two other adjoining parcels, built two parallel retaining walls across all three parcels without obtaining any permits. The Town charged the petitioner with unlawfully and knowingly violating the Town Code, inter alia, by constructing the walls within an area of protected beach vegetation. A portion of the walls was removed on the adjoining parcels, and the charges against the petitioner were settled by requiring the petitioner, among other things, to apply to the Town for the relevant permits for the retaining walls on the subject parcel. Those walls ran from east to west along the southerly portion of the property and extended north along the easterly portion of the property, at a total length of approximately 762 [*2]linear feet.
In a determination dated April 13, 2012, the Town's Senior Building Inspector concluded that a substantial portion of the walls was constructed in a location containing dune land and beach vegetation and, therefore, the issuance of a natural resources special permit was required before a building permit could be issued. The petitioner appealed the Senior Building Inspector's determination to the ZBA. The petitioner also applied to the ZBA for a natural resources special permit and for a variance from Town Code § 255-11-20(C) to allow the retention of an accessory structure—the walls—where there is no principal structure. After an extensive hearing on the appeal and the applications, the ZBA concluded that a natural resources special permit was required for the retaining walls due to their location in a protected area. The ZBA denied the application for such a permit, finding that the application as proposed failed to meet the requisite standards. It further found that because the natural resources special permit was being denied, the application for a variance had been rendered academic.
The petitioner commenced this proceeding pursuant to CPLR article 78 seeking to annul the ZBA's determination that a natural resources special permit was required for the entire length of the retaining walls, and denying its application for such a permit. The Supreme Court denied the petition and, in effect, dismissed the proceeding, finding that the ZBA's determination was rational and not arbitrary or capricious. Nonetheless, the court also found that because the ZBA made no findings and conclusions regarding the petitioner's application for a variance from Town Code § 255-11-20(C) and its determination did not clearly delineate what portions of the walls were within the jurisdiction of the natural resources special permit, the status of any portion of the walls outside of that area had not been determined. Accordingly, the court remitted the matter to the ZBA for further proceedings to determine whether any variances were needed regarding the construction of any portion of the walls. The petitioner appeals.
Contrary to the petitioner's contentions, it was within the ZBA's jurisdiction to determine the matters presented in the subject applications (see Town Law § 267-b[1]; Town Code §§ 255-5-51[A]; 255-8-30). A local zoning board has broad discretion in rendering a determination on matters within its jurisdiction and judicial review is limited to determining whether the action taken by the board was rational and not illegal, arbitrary and capricious, or an abuse of discretion (see CPLR 7803[3]; Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613; Matter of Sasso v Osgood, 86 NY2d 374, 384; Matter of Beekman Delamater Props., LLC v Village of Rhinebeck Zoning Bd. of Appeals, 150 AD3d 1099, 1103; Matter of Birch Tree Partners, LLC v Nature Conservancy, 122 AD3d 841, 842).
The ZBA's determination that the approximately 762 linear feet of retaining walls at issue required a natural resources special permit had a rational basis and was not illegal or arbitrary and capricious. Contrary to the petitioner's contentions, the record contains sufficient evidence to support the rationality of that determination (see Matter of Sasso v Osgood, 86 NY2d at 384 n 2; Matter of Beekman Delamater Props., LLC v Village of Rhinebeck Zoning Bd. of Appeals, 150 AD3d at 1103). The evidence before the ZBA included photographs, surveys, site visits, and the conclusions of the experts for the Town and the intervenors in this proceeding, from which the ZBA rationally could have determined that the walls were constructed over dune land and that beach vegetation was destroyed, and thus a natural resources special permit was required (see Town Code § 255-4-20).
Furthermore, the ZBA's determination to deny the application for a natural resources special permit was not illegal, had a rational basis, and was not arbitrary and capricious (see Matter of Foti v Town of E. Hampton, N.Y., Zoning Bd. of Appeals, 60 AD3d 1057). "Unlike a variance which gives permission to an owner to use property in a manner inconsistent with a local zoning ordinance, a special exception gives permission to use property in a way that is consistent with the zoning ordinance, although not necessarily allowed as of right" (Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead, 98 NY2d 190, 195 [citation omitted]; see Town Law § 274-b[1]; Matter of Leon Petroleum v Board of Trustees of Inc. Vil. of Mineola, 309 AD2d 804, 805). Thus, the burden of proof on the applicant seeking a special use permit "is lighter than that [*3]on an applicant seeking a variance, the former only being required to show compliance with any legislatively imposed conditions on an otherwise permitted use, while the latter must show an undue hardship in complying with the ordinance" (Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead, 98 NY2d at 195; see Matter of Mamaroneck Coastal Envt. Coalition, Inc. v Board of Appeals of the Vil. of Mamaroneck, 152 AD3d 771, 772; Matter of Leon Petroleum v Board of Trustees of Inc. Vil. of Mineola, 309 AD2d at 805). "A denial of a special use permit must be supported by evidence in the record and may not be based solely upon community objection" (Matter of Smyles v Board of Trustees of Inc. Vil. of Mineola, 120 AD3d 822, 823; see Matter of Green 2009, Inc. v Weiss, 114 AD3d 788, 789; Matter of White Castle Sys., Inc. v Board of Zoning Appeals of Town of Hempstead, 93 AD3d 731, 732). "However, where evidence supporting the denial exists, deference must be given to the discretion of the zoning board, and a court may not substitute its own judgment for that of the zoning board, even if a contrary determination is supported by the record" (Matter of Green 2009, Inc. v Weiss, 114 AD3d at 789; see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead, 98 NY2d at 196; Matter of Smyles v Board of Trustees of Inc. Vil. of Mineola, 120 AD3d at 823-824; Matter of White Castle Sys., Inc. v Board of Zoning Appeals of Town of Hempstead, 93 AD3d at 732).
Here, evidence in the record supports the ZBA's findings that the petitioner failed to demonstrate that the retaining walls were erected in conformance with the conditions imposed (see Town Code §§ 255-4-40, 255-5-51). Since the petitioner, which erected the retaining walls prior to obtaining any permits, failed to request a lot inspection by the Town prior to construction and failed to sufficiently document the preexisting conditions, the ZBA had to rely on expert testimony to ascertain the conditions in the area prior to construction. Its decision to rely on the conclusions of its experts, rather than the conflicting testimony of the petitioner's expert, did not render its determination arbitrary, capricious, or lacking in a rational basis (see Matter of Ball v New York State Dept. of Envtl. Conservation, 35 AD3d 732, 733; Matter of Gladstone v Zoning Bd. of Appeals of Inc. Vil. of Southampton, 13 AD3d 445, 445-446; Matter of Seven Acre Wood St. Assoc. v Town of Bedford, 302 AD2d 532, 533). The petitioner's contention that the ZBA simply yielded to community pressure and negative press coverage is without merit (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d at 613; Matter of Leon Petroleum v Board of Trustees of Inc. Vil. of Mineola, 309 AD2d at 805-806; cf. Matter of Schumacher v Town of East Hampton, N.Y. Zoning Bd. of Appeals, 46 AD3d 691; Matter of Marro v Libert, 40 AD3d 1100).
A review of the ZBA's determination shows that it concluded that the entire approximately 762-linear-foot length of the retaining walls at issue required a natural resources special permit. Thus, upon denying the petitioner's application for the special permit, the ZBA properly concluded that the petitioner's application for a variance from the requirements of Town Code § 255-11-20(C) had been rendered academic. Consequently, the Supreme Court erred in remitting the matter to the ZBA for further proceedings to determine questions relating to the application for a variance (cf. Matter of Filipowski v Zoning Bd. of Appeals of Vil. of Greenwood Lake, 101 AD3d 1001, 1002).
Accordingly, we must modify the judgment by deleting the provision thereof which remitted the matter to the ZBA, and otherwise affirm.
RIVERA, J.P., COHEN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.

2015-03702 DECISION & ORDER ON MOTION
In the Matter of 278, LLC, etc., appellant, v Zoning
Board of Appeals of the Town of East Hampton, et al.,
respondents.
(Index No. 4979/13)

Motion by the respondents Taya Thurman, Taya Thurman Trust, and Taya Thurman Secondary Residence Trust to dismiss an appeal from a judgment of the Supreme Court, Suffolk County, dated December 17, 2014, on the ground that the paper appealed from is not appealable as of right as it is a nonfinal order in a proceeding pursuant to CPLR article 78. By decision and order on motion of this Court dated June 2, 2016, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition and in relation thereto, and upon the argument of the appeal, it is
ORDERED that the motion is denied (see CPLR 5701[a][1]).
RIVERA, J.P., COHEN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court