Matter of Stengel v Town of Poughkeepsie Zoning Bd. of Appeals (2018 NY Slip Op 08489)





Matter of Stengel v Town of Poughkeepsie Zoning Bd. of Appeals


2018 NY Slip Op 08489


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2016-06796
 (Index No. 4103/15)

[*1]In the Matter of Roy A. Stengel, et al., appellants,
v
Town of Poughkeepsie Zoning Board of Appeals, et al., respondents.


McCabe & Mack LLP, Poughkeepsie, NY (Sarah N. Wilson of counsel), for appellants.
Wallace & Wallace, LLP, Poughkeepsie, NY (Lisa M. Cobb and Craig M. Wallace of counsel), for respondent Town of Poughkeepsie Zoning Board of Appeals.
Stenger, Roberts, Davis & Diamond, LLP, Wappinger Falls, NY (James P. Horan of counsel), for respondents Arlington Farms, Inc., and Malabar Realty, LLC.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, the petitioners appeal from a judgment of the Supreme Court, Dutchess County (James D. Pagones, J.), dated May 23, 2016. The judgment denied the petition and dismissed the proceeding to annul the determinations of the respondent Town of Poughkeepsie Zoning Board of Appeals granting eight area variances and one special use permit to the respondent Malabar Realty, LLC.
ORDERED that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
The petitioners, the residential neighbors of a proposed motor vehicle service facility (hereinafter the facility), oppose the construction. The facility will consist of a 3,400 square-foot convenience store and gas station within close proximity to their homes. The respondent Malabar Realty, LLC (hereinafter Malabar Realty), is the owner of the lots where the facility will be constructed, and the respondent Arlington Farms, Inc., will run the business thereon. Upon merging two previously separate lots, Malabar Realty will construct the facility on a 0.81 acre triangular-shaped lot which currently houses a dilapidated apartment building and a smaller motor vehicle service facility. The petition seeks to nullify eight area variances and one special use permit granted to Malabar Realty by the respondent Town of Poughkeepsie Zoning Board of Appeals (hereinafter ZBA). The area variances, among other things, approved a deviation from a Town ordinance requiring that motor vehicle service facilities be located a minimum of 500 feet from residential property by permitting the proposed facility to be located within 25 feet of residential property.
" Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion'" (Matter of Daneri v Zoning Bd. of Appeals of the Town of Southold, 98 AD3d 508, 509, quoting Matter of Matejko v Board of Zoning Appeals of Town of [*2]Brookhaven, 77 AD3d 949, 949; see Matter of Halperin v City of New Rochelle, 24 AD3d 768, 770-771). "Therefore, a zoning board's determination should be sustained if it is not illegal, has a rational basis, and is not arbitrary and capricious" (Matter of Blandeburgo v Zoning Bd. of Appeals of Town of Islip, 110 AD3d 876, 877; see Matter of Sasso v Osgood, 86 NY2d 374, 384; Matter of Chynn v DeChance, 110 AD3d 993, 993-994). In determining whether to grant an application for an area variance, a zoning board must engage in a balancing test weighing "the benefit to the applicant if the variance is granted . . . against the detriment to the health, safety and welfare of the neighborhood or community by such grant" (General City Law § 81-b[4][b]; see Matter of Colin Realty Co., LLC v Town of N. Hempstead, 24 NY3d 96, 103; Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608; Matter of Goldberg v Zoning Bd. of Appeals of City of Long Beach, 79 AD3d 874; see also Town Law § 267-b[3]). The zoning board must also consider: "(i) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (ii) whether the benefit sought by the applicant can be achieved by some method feasible for the applicant to pursue, other than an area variance; (iii) whether the requested area variance is substantial; (iv) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (v) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (General City Law § 81-b[4][b]; see Matter of Goodman v City of Long Beach, 128 AD3d 1064).
Here, the ZBA engaged in the required balancing test and considered the relevant statutory factors (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608). Contrary to the petitioners' contentions, the grant of the application had a rational basis and was not arbitrary and capricious, even though the proposed variances were substantial and the applicant's alleged difficulty was self-created. The evidence before the ZBA supported its findings that the proposed construction would not produce an undesirable change in the character of the neighborhood, have an adverse impact on the physical or environmental conditions, or otherwise result in a detriment to the health, safety, and welfare of the neighborhood or community (see Matter of Goodman v City of Long Beach, 128 AD3d 1064). Moreover, the ZBA rationally concluded that the benefit sought by Malabar Realty could not be achieved by a feasible alternative method which would not require an area variance (see Matter of Merlotto v Town of Patterson Zoning Bd. of Appeals, 43 AD3d 926).
"Unlike a variance which gives permission to an owner to use property in a manner inconsistent with a local zoning ordinance, a special use permit gives permission to use property that is consistent with the zoning ordinance, although not necessarily allowed as of right" (Matter of Leon Petroleum v Board of Trustees of Inc. Vil. of Mineola, 309 AD2d 804, 805; see Matter of Smyles v Board of Trustees of Inc. Vil. of Mineola, 120 AD3d 822). The burden of proof on an applicant seeking a special use permit is lighter than that carried by an applicant for a zoning variance (see Mamaroneck Coastal Envt. Coalition, Inc. v Board of Appeals of the Vil. of Mamaroneck, 152 AD3d 771, 772). Once an applicant shows "that the contemplated use is in conformance with the conditions imposed, a special [use] permit or exception must be granted unless there are reasonable grounds for denying it that are supported by substantial evidence" (Matter of Leon Petroleum v Board of Trustees of Inc. Vil. of Mineola, 309 AD2d at 805). " Where substantial evidence exists, a court may not substitute its own judgment for that of the board, even if such a contrary determination is itself supported by the record'" (Mamaroneck Coastal Envt. Coalition, Inc. v Board of Appeals of the Vil. of Mamaroneck, 152 AD3d at 773, quoting Matter of Leon Petroleum v Board of Trustees of Inc. Vil. of Mineola, 309 AD2d at 806).
Here, there was substantial evidence that Malabar Realty's proposed use comported with the requirements of the applicable Town Code provision (see Town of Poughkeepsie Town Code former § 210-149[L][3]), and there were no reasonable grounds for denying the special use permit. " Where substantial evidence exists, a court may not substitute its own judgment for that of the board, even if such a contrary determination is itself supported by the record'" (Mamaroneck Coastal Envt. Coalition, Inc. v Board of Appeals of the Vil. of Mamaroneck, 152 AD3d at 773, quoting Matter of Leon Petroleum v Board of Trustees of Inc. Vil. of Mineola, 309 AD2d at 806).
Accordingly, we agree with the Supreme Court's determination denying the petition and dismissing the proceeding.
SCHEINKMAN, P.J., DILLON, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court