Matter of 853-855 McLean, LLC v City of Yonkers, NY (2025 NY Slip Op 02583)

Matter of 853-855 McLean, LLC v City of Yonkers, NY

2025 NY Slip Op 02583

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2022-02604
 (Index No. 50865/19)

[*1]In the Matter of 853-855 McLean, LLC, respondent,
v
City of Yonkers, NY, et al., appellants.

Harris Beach PLLC, White Plains, NY (Dennis E. A. Lynch, Adam M. Moss, Darius P. Chafizadeh, and James P. Nonkes of counsel), for appellants.
Young/Sommer LLC, Albany, NY (Joseph F. Castiglione of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the City Council of the City of Yonkers, NY, dated December 11, 2018, denying the petitioner's application for a special use permit, the City of Yonkers, NY, and the City Council of the City of Yonkers, NY, appeal from a judgment of the Supreme Court, Westchester County (George E. Fufidio, J.), dated March 30, 2022. The judgment granted the petition, annulled the determination, and, in effect, directed the City Council of the City of Yonkers, NY, to issue the requested special use permit.
ORDERED that the judgment is affirmed, with costs.
The subject property is located in a "restricted business, residences excluded" zone, in which a gas station is a permitted use while a convenience store in conjunction with a gas station is a permitted use with a special permit. In March 2018, the petitioner submitted an application for a special use permit to operate a convenience store in conjunction with a gas station on the subject property. After a public hearing, the Planning Board of the City of Yonkers granted the application with certain conditions and referred the matter to the City Council of the City of Yonkers, NY (hereinafter the City Council). After a second public hearing, the City Council, emphasizing the community's objection, denied the application.
Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the City Council's determination. In a judgment dated March 30, 2022, the Supreme Court granted the petition, annulled the determination, and, in effect, directed the City Council to issue the requested special use permit. The City of Yonkers and the City Council (hereinafter together the appellants) appeal.
Contrary to the appellants' contention, the City's Planning Board and Planning Bureau are not necessary parties to this proceeding, as they are not indispensable to the City Council's determination of the petitioner's application (see CPLR 1001[a]; Matter of TransGas Energy Sys., LLC v New York State Bd. on Elec. Generation Siting & Envt., 65 AD3d 1247, 1249-1250).
"Unlike a variance, a special [use] permit does not entail a use of the property [*2]forbidden by the zoning ordinance but, instead, constitutes a recognition of a use which the ordinance permits under stated conditions" (Matter of QuickChek Corp. v Town of Islip, 166 AD3d 982, 983). "The significance of this distinction is that the 'inclusion of the permitted use in the ordinance is tantamount to a legislative finding that the permitted use is in harmony with the general zoning plan and will not adversely affect the neighborhood'" (Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead, 98 NY2d 190, 195, quoting Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston, 30 NY2d 238, 243). "Thus, the burden of proof on an applicant seeking a special permit is lighter than that required for a hardship variance" (Matter of QuickChek Corp. v Town of Islip, 166 AD3d at 983).
"The approval or denial of an application for a special use permit is an administrative rather than a legislative function and the action of a legislative body in denying such a permit is subject to judicial review under article 78 of the CPLR" (Mobil Oil Corp. v City of Syracuse, 52 AD2d 731, 732). "Once an applicant shows 'that the contemplated use is in conformance with the conditions imposed, a special [use] permit or exception must be granted unless there are reasonable grounds for denying it that are supported by substantial evidence'" (Matter of Mamaroneck Coastal Envt. Coalition, Inc. v Board of Appeals of the Vil. of Mamaroneck, 152 AD3d 771, 772, quoting Matter of Leon Petroleum v Board of Trustees of Inc. Vil. of Mineola, 309 AD2d 804, 805). "In reviewing a [city council]'s determination on special [use] permit applications, we are 'limited to determining whether the action taken by the [council] was illegal, arbitrary, or an abuse of discretion,' and we 'consider substantial evidence only to determine whether the record contains sufficient evidence to support the rationality of the [council]'s determination'" (Matter of QuickChek Corp. v Town of Islip, 166 AD3d at 983, quoting Matter of Beekman Delamater Props., LLC v Village of Rhinebeck Zoning Bd. of Appeals, 150 AD3d 1099, 1103). "'A denial of a special [use] permit must be supported by evidence in the record and may not be based solely upon community objection'" (id. at 983-984, quoting Matter of White Castle Sys., Inc. v Board of Zoning Appeals of Town of Hempstead, 93 AD3d 731, 732; see Matter of Chestnut Petroleum Dist., Inc. v Town of Mount Pleasant Planning Board, 222 AD3d 748).
Here, the City Council's determination to deny the petitioner's application lacked a rational basis. There was no evidence adduced demonstrating that the health, safety, and welfare of the neighborhood or community would be detrimentally affected if the application was granted (see Matter of 666 OCRTT, LLC v Board of Zoning Appeals of the Town of Hempstead, 200 AD3d 682, 684; Matter of QuickChek Corp. v Town of Islip, 166 AD3d at 984; Matter of Marina's Edge Owner's Corp. v City of New Rochelle Zoning Bd. of Appeals, 129 AD3d 841, 843). Accordingly, the Supreme Court properly granted the petition, annulled the determination, and, in effect, directed the City Council to issue the requested special use permit.
The appellants' remaining contention is without merit.
IANNACCI, J.P., CHRISTOPHER, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court