Matter of Marcus v Planning Bd. of the Vil. of Wesley Hills (2021 NY Slip Op 06618)





Matter of Marcus v Planning Bd. of the Vil. of Wesley Hills


2021 NY Slip Op 06618


Decided on November 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
LARA J. GENOVESI, JJ.


2017-05963
2017-12184
 (Index No. 6325/10)

[*1]In the Matter of Neil Marcus, appellant,
v
Planning Board of the Village of Wesley Hills, et al., respondents.


Alan McGeorge, Nanuet, NY, for appellant.
Steven Habiague, Rhinebeck, NY, for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to review two determinations of the Planning Board of the Village of Wesley Hills, both dated May 26, 2010, granting the applications of the respondent Rockland Tree Expert, Inc., for a special use permit and site plan approval, respectively, the petitioner appeals from (1) a judgment of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated April 7, 2017, and (2) an order of the same court dated October 4, 2017. The judgment, in effect, denied those branches of the amended petition which were to review the determinations dated May 26, 2010, and dismissed the proceeding. The order, insofar as appealed from, upon reargument, adhered to the original determination in the judgment dated April 7, 2017.
ORDERED that the judgment is reversed, on the law, without costs or disbursements, those branches of the amended petition which were to review the determinations of the Planning Board of the Village of Wesley Hills dated May 26, 2010, granting the applications of the respondent Rockland Tree Expert, Inc., for a special use permit and site plan approval, respectively, are granted, those determinations are annulled, the order dated October 4, 2017, is vacated, and the matter is remitted to the Planning Board of the Village of Wesley Hills for the issuance of new determinations denying the applications of the respondent Rockland Tree Expert, Inc., for a special use permit and site plan approval; and it is further,
ORDERED that the appeal from the order dated October 4, 2017, is dismissed as academic in light of our determination on the appeal from the judgment, without costs or disbursements.
The respondent Rockland Tree Expert, Inc., doing business as Ira Wickes, Arborist (hereinafter Wickes), operates a plant nursery and arborist business on a parcel of real property (hereinafter the premises) located in the R-35 zoning district of the Village of Wesley Hills. On May 26, 2010, the Planning Board of the Village of Wesley Hills (hereinafter the Planning Board) granted a special use permit to Wickes to conduct an arborist service and landscaping services, and to operate a wholesale nursery on the premises, and approved a site plan for the premises. The petitioner subsequently commenced this CPLR article 78 proceeding, inter alia, challenging these [*2]determinations. In a judgment dated April 7, 2017, the Supreme Court, in effect, denied those branches of the amended petition and dismissed the proceeding. The petitioner appeals.
A use permitted by a special use permit is a use that has been found by the local legislative body to be appropriate for the zoning district and "in harmony with the general zoning plan and will not adversely affect the neighborhood" (Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston, 30 NY2d 238, 243). The permit must be granted if the application satisfies the criteria set forth in the zoning law (see Matter of Juda Const., Ltd. v Spencer, 21 AD3d 898, 900, citing Matter of Pleasant Val. Home Constr. v Van Wagner, 41 NY2d 1028, 1029). "'Failure to meet any one of the conditions set forth in the ordinance is . . . sufficient basis upon which the zoning authority may deny the permit application'" (Matter of Muller v Zoning Bd. of Appeals Town of Lewisboro, 192 AD3d 805, 807, quoting Matter of Wegmans Enters. v Lansing, 72 NY2d 1000, 1001-1002; see Matter of Tandem Holding Corp. v Board of Zoning Appeals of Town of Hempstead, 43 NY2d 801, 802). A "zoning board 'does not have authority to waive or modify any conditions set forth in the ordinance'" (Matter of Muller v Zoning Bd. of Appeals Town of Lewisboro, 192 AD3d at 807, quoting Matter of Dost v Chamberlain-Hellman, 236 AD2d 471, 472; see Matter of Navaretta v Town of Oyster Bay, 72 AD3d 823, 825). Judicial review of a determination granting an application for a special use permit is limited to ascertaining whether the challenged action was illegal, arbitrary and capricious, or an abuse of discretion (see Matter of Yorktown Smart Growth v Town of Yorktown, 168 AD3d 957, 958; Matter of Carnelian Farms, LLC v Leventhal, 151 AD3d 844, 845).
One of the requirements of the special use permit at issue was that the arborist service, landscape services and/or wholesale nursery "shall have frontage on and practical access to two major roads" (Code of the Village of Wesley Hills [hereinafter Village Code] § 230-26[N][2]). Here, the Planning Board abused its discretion by waiving this requirement and deeming "practical access" to a second major road unnecessary. Moreover, in contravention of the Village Code, the Planning Board's finding that Wickes had "potential practical access" to a second major road is insufficient. Accordingly, the Supreme Court should have annulled the Planning Board's determination granting the special use permit.
The Supreme Court should also have annulled the Planning Board's determination to approve the site plan. A local planning board has broad discretion in deciding applications for site plan approvals, and judicial review is limited to determining whether the board's action was illegal, arbitrary and capricious, or an abuse of discretion (see Matter of Beekman Delamater Props., LLC v Village of Rhinebeck Zoning Bd. of Appeals, 150 AD3d 1099, 1102-1103; Matter of Saint James Antiochian Orthodox Church v Town of Hyde Park Planning Bd., 132 AD3d 687, 688; Matter of Hejna v Planning Bd. of Vil. of Amityville, 105 AD3d 846). Village Code § 230-45 states that the Planning Board "shall not approve a site plan unless it shall find that such plan conforms [with] the requirements of [the Village Zoning Law]." Since the Village Zoning Law requires that a lot in the R—35 zoning district have a maximum gross impervious surface ratio of .25 (see Village Code § 230 Attachment I), the Planning Board abused its discretion in approving the site plan, which had a proposed gross impervious surface ratio of .44.
The parties' remaining contentions are not properly before this Court or need not be reached in light of our determination.
AUSTIN, J.P., HINDS-RADIX, BARROS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court