Matter of Gordon v Planning Bd. of the Town of E. Hampton (2022 NY Slip Op 02997)

Matter of Gordon v Planning Bd. of the Town of E. Hampton

2022 NY Slip Op 02997

Decided on May 4, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
WILLIAM G. FORD, JJ.

2019-00749
 (Index No. 1713/18)

[*1]In the Matter of Gregory Gordon, appellant,
v
Planning Board of the Town of East Hampton, et al., respondents.

Matthews, Kirst & Cooley, PLLC, East Hampton, NY (David M. Kirst and Brian E. Matthews of counsel), for appellant.
The Law Offices of Tiffany S. Scarlato, PLLC, Sag Harbor, NY, for respondents Green Hollow Tennis Club, Inc., Green Hollow Tennis Club, and Green Hollow Real Estate, LLC.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Planning Board of the Town of East Hampton dated February 28, 2018, granting an application of the respondents Green Hollow Tennis Club, Inc., Green Hollow Tennis Club, and Green Hollow Real Estate, LLC, for site plan approval and a special use permit, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated December 10, 2018. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner owns property located next to a tennis club owned by the respondents Green Hollow Tennis Club, Inc., Green Hollow Tennis Club, and Green Hollow Real Estate, LLC (hereinafter collectively the Green Hollow respondents). The Green Hollow respondents acquired the property, which is located in an A3 residential district, in 2012. In 2013, the Green Hollow respondents submitted an application to the respondent Planning Board of the Town of East Hampton (hereinafter the Planning Board) for site plan approval and a special use permit to legalize a number of improvements on the property and a children's tennis camp. In a determination dated February 28, 2018, the Planning Board granted the application for site plan approval and a special use permit. The petitioner commenced this proceeding pursuant to CPLR article 78 to annul the Planning Board's determination. In a judgment dated December 10, 2018, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
A local planning board has broad discretion in reaching its determinations, and judicial review is limited to ascertaining whether the challenged action was illegal, arbitrary and capricious, or an abuse of discretion (see Matter of Marcus v Planning Bd. of the Vil. of Wesley Hills, 199 AD3d 1007, 1009; Matter of Yorktown Smart Growth v Town of Yorktown, 168 AD3d 957, 958). Here, the Supreme Court properly determined that the Planning Board's determination to grant the application for site plan approval and a special use permit had a rational basis and was not illegal, arbitrary and capricious, or an abuse of discretion (see Matter of St. James Antiochian Orthodox [*2]Church v Town of Hyde Park Planning Bd., 132 AD3d 687, 688).
IANNACCI, J.P., CHAMBERS, ROMAN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court