Matter of Chestnut Petroleum Dist., Inc. v Town of Mount Pleasant Planning Bd. (2023 NY Slip Op 06365)

Matter of Chestnut Petroleum Dist., Inc. v Town of Mount Pleasant Planning Bd.

2023 NY Slip Op 06365

Decided on December 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2019-12722
 (Index No. 66457/18)

[*1]In the Matter of Chestnut Petroleum Dist., Inc., appellant, 
v
Town of Mount Pleasant Planning Board, respondent.

Harfenist Kraut & Perlstein LLP, Purchase, NY (Neil Torczyner of counsel), for appellant.
Harris Beach, White Plains, NY (Darius P. Chafizadeh, Doreen Klein, and Brian Ginsberg of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Mount Pleasant Planning Board dated September 6, 2018, which denied the petitioner's application for a special use permit and site plan approval, the petitioner appeals from a judgment of the Supreme Court, Westchester County (David S. Zuckerman, J.), dated September 30, 2019. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
In July 2015, the petitioner submitted an application for a special use permit and site plan approval (hereinafter the proposal) to the respondent, Town of Mount Pleasant Planning Board (hereinafter the Planning Board), seeking to develop a parcel of land containing a pre-existing vacant structure into a gasoline station with four fueling islands, convenience store, and Dunkin' Donuts drive-thru. The proposal was subsequently revised several times as a result of the Planning Board's concerns about the impact of the proposal on traffic. Specifically, the petitioner, among other things, reduced the number of fueling islands in the proposal to three and limited access to the site to only right turns in and out of the premises.
Following a public hearing, the Planning Board denied approval for the proposal, emphasizing its concerns about traffic safety in its resolution of denial. Thereafter, the petitioner commenced this proceeding, seeking to vacate the Planning Board's resolution. In a judgment dated September 30, 2019, the Supreme Court denied the petition and dismissed the proceeding, and the petitioner appeals.
"A zoning board may, where appropriate, impose reasonable conditions and restrictions as are directly related to and incidental to the proposed use of . . . property, and aimed at minimizing the adverse impact to an area that might result from the grant of a variance or special permit" (Matter of Pepe Porsche of Larchmont v Planning Bd. of the Town of Mamaroneck, 216 AD3d 1163, 1164 [internal quotation marks omitted]). "The classification of a particular use [of property] as a use permitted in a particular district subject to the granting of a special exception [*2]constitutes a legislative finding that if the special exception standards of the zoning ordinance are met [then] the use accords with the general plan of the ordinance and will not adversely affect the neighborhood" (Matter of Robert Lee Realty Co. v Village of Spring Val., 61 NY2d 892, 893; see Matter of Marcus v Planning Bd. of the Vil. of Wesley Hills, 199 AD3d 1007, 1008). Thus, "[a] special use permit confers authority to use property in a manner that is permitted by a zoning ordinance under stated conditions, and such a permit is required to be granted unless reasonable grounds exist for its denial" (Matter of 7-Eleven v Board of Trustees of Inc. Vil. of Mineola, 289 AD2d 250, 250; see Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston, 30 NY2d 238, 244; Matter of Marcus v Planning Bd. of the Vil. of Wesley Hills, 199 AD3d at 1008). Still, the "[f]ailure to meet any one of the conditions set forth in the ordinance is . . . sufficient basis upon which the zoning authority may deny the permit application" (Matter of Marcus v Planning Bd. of the Vil. of Wesley Hills, 199 AD3d at 1008 [internal quotation marks omitted]; see Matter of Wegmans Enters. v Lansing, 72 NY2d 1000, 1001-1002).
"[I]n deciding whether a particular [special use permit] application should be granted," a local planning board may "make commonsense judgments" (Matter of Twin County Recycling Corp. v Yevoli, 90 NY2d 1000, 1002) and utilize "the personal knowledge and familiarity with the area possessed by its members" (Matter of Thirty W. Park Corp. v Zoning Bd. of Appeals of City of Long Beach, 43 AD3d 1068, 1069; see Matter of Affiliated Brookhaven Civic Orgs., Inc. v Planning Bd. of the Town of Brookhaven, 209 AD3d 854, 856; Matter of Smyles v Board of Trustees of Inc. Vil. of Mineola, 120 AD3d 822, 824). However, the denial of a special use permit "solely because there is a general objection to the special use" is arbitrary (Matter of Tandem Holding Corp. v Board of Zoning Appeals of Town of Hempstead, 43 NY2d 801, 802; see Matter of 153 Mulford Assoc., LLC v Zoning Bd. of Appeals of the Town of E. Hampton, 205 AD3d 1019, 1022).
Judicial review of a determination granting or denying "an application for a special use permit is limited to ascertaining whether the [determination] was illegal, arbitrary and capricious, or an abuse of discretion" (Matter of Marcus v Planning Bd. of the Vil. of Wesley Hills, 199 AD3d at 1008 [citations omitted]). "Where . . . supporting evidence exists, deference must be given to the discretion of the board, and a court may not substitute its own judgment for that of the board, even if such a contrary determination is itself supported by the record" (Matter of 153 Mulford Assoc., LLC v Zoning Bd. of Appeals of the Town of E. Hampton, 205 AD3d at 1023 [internal quotation marks omitted]; see Matter of QuickChek Corp. v Town of Islip, 166 AD3d 982, 983).
As relevant here, the Code of the Town of Mount Pleasant (hereinafter the Town Code) provided that a "gasoline station convenience store shall be permitted as an accessory use to a gasoline filling station" provided that, among other things, a "traffic circulation plan shall be provided, demonstrating how the use of the site for both the gas station and the convenience store will not create unsafe conditions or vehicular conflicts" (Town Code § 218-33[J][10]). The Planning Board's conclusion, in substance, that the petitioner failed to show that their proposal would not create unsafe traffic conditions or vehicular conflicts within the meaning of section 218-33(J)(10) of the Town Code was rational and supported by sufficient evidence (see Matter of Gordon v Planning Bd. of Town of E. Hampton, 205 AD3d 719, 720; Matter of Saint James Antiochian Orthodox Church v Town of Hyde Park Planning Bd., 132 AD3d 687, 688; Matter of Valentine v McLaughlin, 87 AD3d 155, 1157). The Planning Board also had a reasonable basis to conclude that the proposed use of the site would cause greater traffic congestion than an as-of-right use (see Matter of Smyles v Board of Trustees of Inc. Vil. of Mineola, 120 AD3d at 824; Matter of Leon Petroleum v Board of Trustees of Inc. Vil. of Mineola, 309 AD2d 804, 806; cf. Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston, 30 NY2d at 245; Matter of QuickChek Corp. v Town of Islip, 166 AD3d at 984). While both parties' positions had factual support, the Planning Board's determination is subject to deference by this Court (see Matter of 153 Mulford Assoc., LLC v Zoning Bd. of Appeals of the Town of E. Hampton, 205 AD3d at 1023). In sum, the Supreme Court did not err when it determined that the denial of the petitioner's application for a special use permit by the Planning Board was not illegal, arbitrary and capricious, or an abuse of discretion.
In light of the foregoing, the petitioner's remaining contentions, specifically related [*3]to the denial of the site plan in the proposal, have been rendered academic (cf. Matter of Nabe v Sosis, 175 AD3d 500, 502).
Accordingly, the judgment is affirmed.
IANNACCI, J.P., GENOVESI, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court