Matter of Bertault v Zoning Bd. of Appeals of Town of Southold (2026 NY Slip Op 01056)

Matter of Bertault v Zoning Bd. of Appeals of Town of Southold

2026 NY Slip Op 01056

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-05351
 (Index No. 623993/21)

[*1]In the Matter of Vincent Bertault, appellant,
vZoning Board of Appeals of Town of Southold, respondent.

Wickham, Bressler & Geasa, P.C., Mattituck, NY (Eric J. Bressler of counsel), for appellant.
Sokoloff Stern LLP, Carle Place, NY (Annmarie S. Jones and Marissa Embola of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of Town of Southold dated December 2, 2021, which, after a hearing, denied the petitioner's application for a special exception, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Linda Kevins, J.), dated May 9, 2023. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner is the owner of certain real property located in a historic residential district in the Town of Southold. The property is improved, among other things, with a single-family home and a wooden historic barn. The petitioner applied to the Zoning Board of Appeals of Town of Southold (hereinafter the ZBA) for a special exception pursuant to Code of Town of Southold § 280-13(B)(13) so as to establish an accessory apartment in the barn. In a determination dated December 2, 2021, made after a public hearing, the ZBA denied the petitioner's application.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review the ZBA's determination denying the petitioner's application for a special exception. In a judgment dated May 9, 2023, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
"Unlike a variance which gives permission to an owner to use property in a manner inconsistent with a local zoning ordinance, a special exception gives permission to use property in a way that is consistent with the zoning ordinance, although not necessarily allowed as of right" (Matter of Lazarus v Board of Trustees of Inc. Vil. of Malverne, 140 AD3d 773, 773 [internal quotation marks omitted]; see Matter of 790 Holdings Corp. v Board of Appeals of the Town of Hempstead, 237 AD3d 924). "The owner must show compliance with legislatively imposed conditions pertaining to the intended use before a special exception permit may be granted" (Matter of 790 Holdings Corp. v Board of Appeals of the Town of Hempstead, 237 AD3d at 925-926 [internal quotation marks omitted]). Concomitantly, the "[f]ailure to meet any one of the conditions [*2]set forth in the ordinance is . . . sufficient basis upon which the zoning authority may deny the permit application" (Matter of Chestnut Petroleum Dist., Inc. v Town of Mount Pleasant Planning Bd., 222 AD3d 748, 750 [internal quotation marks omitted]; see Matter of Marcus v Planning Bd. of the Vil. of Wesley Hills, 199 AD3d 1007, 1008). Judicial review of a determination denying an application for a special exception is limited to ascertaining whether the determination was illegal, arbitrary and capricious, or an abuse of discretion (see CPLR 7803[3]; Matter of Marcus v Planning Bd. of the Vil. of Wesley Hills, 199 AD3d at 1008).
Here, the ZBA's determination that the petitioner failed to establish compliance with all of the legislatively imposed conditions for the issuance of the requested special exception had an objective factual basis in the record and was not arbitrary and capricious or irrational (see Code of Town of Southold § 280-13[B][13]; Matter of 790 Holdings Corp. v Board of Appeals of the Town of Hempstead, 237 AD3d 924). Among other things, the ZBA rationally determined that the proposed accessory apartment, which required construction of a 25-foot-long sloped ramp joining the barn to the street so as to comply with an off-site parking requirement, would adversely impact the character of the neighborhood and the safety, health, and welfare of the Town (see Code of Town of Southold §§ 280-13[B][13][k], 280-142[C]).
Accordingly, we affirm the judgment.
IANNACCI, J.P., CHAMBERS, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court